35723.   JONES, Receiver, *v.* McCRANIE.

Decided July 14, 1955.

507

*Hull, Willingham, Towill & Norman, H. J. Quincey,* for plaintiff in error.

*Ewing & Farrar, Will Ed Smith,* contra.

FELTON, C. J. 1. The petition stated a cause of action as against a general demurrer. Under the allegations and with proper proof, a jury would be authorized to find that the railroad company was negligent in failing to signal for the crossing by the blowing of a train whistle as required by Ga. L. 1947, p. 479; that under the circumstances and conditions which constituted a blind crossing the defendant was negligent in not having the

train under control (see *Georgia Northern Ry. Co.* v. *Rolling,* 62 *Ga. App.* 138 (1), 8 S. E. 2d 114) ; that under the circumstances the defendant was negligent in not flagging the crossing or having such other warning at the crossing as the exercise of ordinary care would require. While the petition alleges that certain obstructions at the crossing rendered it *almost* impossible for persons approaching the crossing on the highway from the north to hear any train signals, even construed most strongly against the petitioner, it is not alleged that it was impossible to hear such signals as would keep the failure to blow the whistle as required by law from being a proximate cause of the collision. Under such allegation the plaintiff could prove that in spite of the obstructions a signal could still have been heard if one had been blown.

It is contended by the plaintiff in error that the petition shows that the plaintiff's husband was guilty of such negligence as would bar a recovery by her. We do not agree with such contention. The cases most strongly relied on by the plaintiff in error are not in point. They are cases where the defendant's train, either stopped or moving, had blocked the crossing, and the plaintiff had collided with the train. The questions involved in such cases, of course, are materially different from the ones in this case where the crossing was clear as the deceased approached the crossing, and the train and truck collided as they both entered the crossing. This is not one of those cases where the questions of negligence and diligence are ones of law and not of fact. See *Atlantic Coast Line ·R. Co.* v. *Sellars,* 81 *Ga. App.* 381, 385 (59 S. E. 2d 24), and *Gay* v. *Sylvania Central Ry. Co.,* 79 *Ga. App.* 362, 368 (53 S. E. 2d 713).

2. The petition as amended alleged: "At the time the plaintiff's husband reached the highway-railroad crossing he was driving at a speed of not more than 30 miles per hour." The defendant specially demurred to this allegation on the ground that the speed of the truck should be set out with more particularity. The court overruled the demurrer and the defendant excepts to that ruling. The court erred in overruling the demurrer. It cannot be said that the speed of the truck is not material to the case, and the defendant is entitled to have that speed alleged or an allegation as to why such speed cannot be alleged.

The court did not err in overruling the general demurrer to the petition.

The court erred in overruling the special demurrer treated in division two of the opinion.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*