## 51123. AYERS et al. v. BOTTOMS.

ARGUED SEPTEMBER 10, 1975 — DECIDED OCTOBER 6, 1975.

*Burnside, Dye, Miller & Bowen, A. Rowland Dye, James B. Wall,* for appellants.

*Sanders, Hester, Holley, Askin & Dye, J. Carlisle Overstreet,* for appellee.

DEEN, Presiding Judge.

1. The thrust of appellant's enumeration of error goes to the trial judge's instruction to the jury with regard to "permanent impairment of earning capacity." It is urged that there was a lack of evidence justifying such a charge and that it was error to instruct the jury on this measure of damages. We agree. A charge is authorized on this subject when "there is evidence of the plaintiff's earnings before the injury, the amount and nature of her work, the percentage of disability resulting from the injury, and the manner in which her earning capacity has been decreased as a result." *Jones v. Hutchins,* 101 Ga. App. 141 (2) (113 SE2d 475). See also *Southern R. Co. v. Daniell,* 102 Ga. App. 414, 422 (116 SE2d 529); *Hunt v. Williams,* 104 Ga. App. 442, 449 (122 SE2d 149). Of special interest is *City of Augusta v. Drawdy,* 75 Ga. App. 543 (43 SE2d 569), a case in which Attorney Randall Evans, Jr. (now Judge Randall Evans, Jr. of this court) filed one of his few *unsuccessful* motions for rehearing. There it was held: "A diminution in one's capacity to earn money is another distinct element of damages, and the measure of such damages involves numerous considerations, among which are, first, the earnings before the injury, earnings after the injury, probability of increased or decreased earnings in the future, considering the capacity of the injured party, effects of sickness and old age, etc." Id., p. 547. The record here reveals that the

only evidence of plaintiff's earnings before the injury was his testimony that he was in the army and had over 22 years of service in the military at the time of the accident; there was no testimony as to his salary. While there was medical evidence in regard to appellant's injuries and that he walked with a limp because of the accident, his doctor testified that he had no medical opinion as to the percentage of disability as a result of the injuries; this evidence is insufficient to prove the percentage of disability resulting from the injury. *McDuffie County v. Rogers*, 124 Ga. App. 442 (3) (184 SE2d 46). For these reasons, the giving of the charge was error.

2. We have carefully considered appellee's argument that the error was harmless and therefore not reversible. However, instructions not authorized by the evidence in a case are erroneous and "if it is not apparent that the jury could not have been misled or confused by them, they are cause for a new trial." *Anderson v. Barron*, 208 Ga. 785 (3) (69 SE2d 874). We are not convinced that the erroneous instructions given here could not mislead or confuse the jury into believing that damages for "permanent diminution of future earning capacity" were a proper measure of recovery in this case.

3. Because the trial judge erred in instructing the jury on "permanent diminution of future earning capacity," it was error to fail to grant appellant's motion for new trial.

*Judgment reversed. Evans and Stolz, JJ., concur.*