## 67532, 67533. DAVIS v. PACHUILO et al.; and vice versa.

Banke, Judge.
The plaintiff brought this action to recover damages for personal injuries he allegedly incurred when the car he was driving was struck by a tractor-trailer driven by defendant Pachuilo. Pachuilo, whose employer is also named as a defendant, testified at trial that the plaintiff's car was properly stopped for a red light, that he came to a stop 10-15 feet behind the plaintiff, that he began looking at a city map to be sure of his location, and that as he looked at the map his foot came off the brake, allowing the tractor-trailer to strike the rear end of the plaintiff's automobile. While this testimony suggests a very light impact, the plaintiff described the impact as "a terrific explosion or propulsion" which caused his automobile to move forward 50 or 60 feet. Pachuilo testified that the distance was approximately 40 feet, and the officer who investigated the collision testified that the distance was 49 feet, 10 inches. There is no evidence even remotely suggesting that any negligence on the part of the plaintiff contributed to the collision.

The plaintiff was treated for an injury to his neck following the collision, and he testified that his medical expenses and lost wages totalled some $17,500. Case No. 67532 is the plaintiff's appeal from a verdict and judgment in his favor for $15,000. Case 67533 is the defendants' cross-appeal from that judgment. *Held:*

1. Considering the evidence in a light most favorable to the defendants, we conclude that the trial court erred in denying the plaintiff's motion for directed verdict on the question of liability. See generally OCGA § 9-11-50 (Code Ann. § 81A-150); *Belk-Hudson Co. v. Davis,* 132 Ga. App. 237 (1) (207 SE2d 528) (1974). The failure of the trial court to direct a verdict in this case is not rendered harmless by the jury's verdict in the plaintiff's favor on the question of liability, in view of the likelihood that the court's charges on comparative

negligence, avoidance, and contributory negligence may have confused the jury and contributed to its decision to award the plaintiff less than his actual medical expenses and lost wages.

2. It necessarily follows from the foregoing that the instructions on comparative negligence, avoidance, and contributory negligence were not supported by evidence and should not have been given.

3. The plaintiff enumerates as error the admission of certain hearsay testimony contained in a deposition; however, a careful reading of the record shows that the portion of the deposition at issue was not read to the jury. This enumeration of error is accordingly without merit.

4. The plaintiff contends that the trial court failed to charge on permanent injury and future pain and suffering; however, it appears that the principles of law contained in the requested charges were explained to the jury, although not in the exact language requested, and were adequate in every respect. The enumeration of error is accordingly without merit. See generally *Hitchcock v. Key,* 163 Ga. App. 901 (296 SE2d 625) (1982).

5. The first 11 of the 16 alleged errors enumerated in the cross-appeal concern the trial court's admission of certain medical bills which had been mailed to the plaintiff's employer rather than to the plaintiff. These enumerations are without merit, as the bills were properly identified pursuant to OCGA § 24-7-9 (Code Ann. § 38-706.1), which provides that the patient, in this case, the plaintiff, is a proper witness to identify statements for expenses incurred in connection with his injury. See generally *Monson v. Brown,* 163 Ga. App. 42 (292 SE2d 486) (1982).

6. The cross-appellants' other enumerations of error concern jury charges on the question of liability which are rendered moot by the foregoing.

*Judgment reversed and case remanded for a new trial as to damages. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 1, 1984.

*Ellis Ray Brown, John S. D'Orazio,* for appellant.
*David A. Handley, Michael W. Higgins,* for appellees.