68987. NELSON & BUDD, INC. v. BRUNSON et al.
68988. BRUNSON v. NELSON & BUDD, INC.
(328 SE2d 746)

McMURRAY, Presiding Judge.

This is an action for damages arising from a motor vehicle collision. Plaintiff Shannon G. Brunson seeks damages for serious injuries she received in the collision. Her husband, plaintiff G. N. Brunson, seeks damages for loss of consortium. The claims were tried together before a single jury which returned a verdict in favor of both plaintiffs, awarding Mrs. Brunson $200,000 and to Mr. Brunson, "no monetary award."

Defendant filed its motion for new trial, which the trial court denied as to plaintiff Shannon G. Brunson and granted on the issue of damages with respect to plaintiff G. N. Brunson. Subsequently final judgment as to the claim of plaintiff Shannon G. Brunson was entered pursuant to OCGA § 9-11-54 (b). Defendant appeals and plaintiff G. N. Brunson cross-appeals. *Held:*

1. Defendant's first two enumerations allege error in giving plaintiffs' charge Number 11. Defendant incorrectly characterizes such charge as being in relation to a claim for loss of earning capacity. It argues that there was insufficient evidence to authorize a charge as to such a claim, and that the absence of evidence as to a disability rating or percentage of disability barred the charge. See *McDuffie County v. Rogers,* 124 Ga. App. 442, 443 (184 SE2d 46) and *Ayers v. Bottoms,* 136 Ga. App. 46 (1) (220 SE2d 134). A claim for loss of earning capacity "is based on a pecuniary decrease in or loss of *future* earnings."

(Emphasis supplied.) *Wright v. Lail*, 219 Ga. 607, 609 (135 SE2d 418). However, the charge in question addresses a claim for lost wages, that is, the amount lost in the *past* by being unable to work due to the injuries at issue. See *Douglas v. Rinker*, 134 Ga. App. 949 (216 SE2d 629). Plaintiffs submitted sufficient evidence of lost wages to warrant the giving of the charge. Enumerations of error one and two are without merit.

2. Defendant's third and fourth enumerations allege error in the failure to give requested charges, the substance of which were contained in the trial court's charge. It was not error to refuse to give requested instructions on principles of law which were adequately and substantially covered by the charge given. *White v. Seaboard Coast Line R. Co.*, 139 Ga. App. 833, 838 (5) (229 SE2d 775); *Johnston v. Woody*, 148 Ga. App. 152, 155 (3) (250 SE2d 873); *Gay v. City of Rome*, 157 Ga. App. 368, 370 (3) (277 SE2d 741).

3. Defendant enumerates as error the failure of the trial court to give its requested charge or otherwise instruct the jury on the law of comparative negligence. The evidence at trial shows that the collision occurred at an intersection. Plaintiff Shannon G. Brunson was travelling to the east through the intersection when defendant's vehicle (a dump truck operated by defendant's employee), traveling south, failed to stop for a red light and collided with plaintiff's vehicle. The record contains no evidence of any negligence on the part of plaintiff. Particularly, we find no evidence of any negligence by plaintiff in her failure to avoid the consequences of the negligence attributed to defendant. Plaintiff testified that as a result of the injuries sustained in the collision she has no memory of anything which transpired after she received a green light to proceed into the intersection. Under these circumstances, it is presumed, in the absence of evidence to the contrary, that plaintiff exercised due care. *Carlton Co. v. Poss*, 124 Ga. App. 154, 155 (2) (183 SE2d 231), affirmed 228 Ga. 402 (185 SE2d 803).

The burden was upon the defendant to prove that its negligence could have been discovered and avoided by plaintiff. The defendant having failed to meet this burden, the trial court did not err in refusing to charge as to comparative negligence. *Moore v. Price*, 158 Ga. App. 566, 568-570 (2) (281 SE2d 269).

4. Defendant contends that the trial court erred in giving the following charge derived from *Taylor v. Buckhead Glass Co.*, 120 Ga. App. 663, 664 (1) (171 SE2d 779): "Now when it is shown in the evidence that the brakes on the defendant's truck were inadequate to control the movement of the truck as required by this section, the burden of proof as to this issue would pass to the defendant *to convince* the jury that the violation of the statute, if unintentional, was *consistent with due care* on the part of [defendant] in having the

brakes inspected and repaired and that the defect that existed at the time of the collision was *without fault* of [defendant]." (Emphasis supplied.) Defendant argues that this charge imposed an incorrect burden upon defendant "to 'convince' the jury that it was 'without fault.'"

Defendant's view of the charge in question overlooks the intervening phrase we have emphasized in our recital of the charge. Under the charge defendant was properly required to convince the jury that it had exercised "due care" or such care as defendant was bound to use. *Dover v. Ga. Power Co.*, 46 Ga. App. 630, 631 (168 SE 117). While language from appellate court decisions is sometimes inappropriate for use in charges to the jury (*Davis v. Cincinnati Ins. Co.*, 160 Ga. App. 813, 815 (1) (288 SE2d 233)), we do not find the language at issue in the case sub judice susceptible to the criticism presented by defendant.

5. As noted above, the jury returned verdicts in the case sub judice in favor of plaintiffs, awarding plaintiff Shannon G. Brunson damages in the amount of $200,000 and plaintiff G. N. Brunson no monetary award. On April 4, 1983, the same date upon which the jury returned its verdicts, judgments following the verdicts were entered. On April 28, 1983, defendant filed its motion for new trial raising the general grounds and other issues.

In plaintiffs' response to defendant's motion for new trial plaintiffs ostensibly agreed with portions of defendant's motion for new trial and argued in support of the grant of a new trial on the issue of damages to plaintiff G. N. Brunson. The trial court entered its order on defendant's motion for new trial denying said motion except that a new trial with respect to the issue of damages to plaintiff G. N. Brunson was granted.

Defendant's final enumeration complains of the trial court's order on its motion for new trial. Clearly no reading of defendant's motion, in the light of the surrounding circumstances, can suggest an attempt by defendant to elicit an order such as that entered by the trial court. The trial court's order is entirely detrimental and in no way advantageous to defendant. It appears, that in substance, the trial court's order was either the untimely sua sponte grant of a new trial or the grant of an untimely motion for new trial by plaintiff. See in this regard OCGA § 5-5-40 (h); OCGA § 5-5-40 (a); *Brawner v. Wilkins*, 114 Ga. App. 263 (2) (150 SE2d 721). However viewed, the trial court's order was error in this respect and we must reverse that portion of the trial court's order granting a new trial to plaintiff G. N. Brunson. However, for the reasons which follow, our decision on this issue is negated by plaintiff's cross-appeal. We affirm that portion of the trial court's order denying a new trial in favor of defendant for the reasons stated in Divisions 1 through 4 of this opinion.

6. In his cross-appeal, plaintiff G. N. Brunson contends the jury's verdict upon his loss of consortium claim was inconsistent with the substantial verdict in favor of his wife. We agree.

"[W]here the injured person and the spouse combine their separate claims in one suit, . . . it has been held that the loss of consortium claim is a 'derivative' claim and where one jury has heard the same evidence on the same issue it cannot render inconsistent verdicts. . . ." *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270). In the case sub judice, the injured party has suffered significant injuries, has been awarded a substantial verdict for those injuries and the spouse has presented unrefuted evidence as to loss of consortium. Under these circumstances, the award of zero damages to the spouse is an inconsistent verdict entitling G. N. Brunson to a new trial on the issue of damages. *Burnett v. Doster*, 144 Ga. App. 443, 444 (2) (241 SE2d 319). It follows that the cross-appeal is meritorious.

*Judgment affirmed in part and reversed in part in Case No. 68987; reversed in Case No. 68988. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1985.

*Robert C. Semler*, for appellant.
*Baxter H. Finch, Thomas W. Thrash, Jr.*, for appellees.

