## 73699. BROWN v. SHIVER.
### (358 SE2d 862)

POPE, Judge.

This appeal arises out of an automobile collision which occurred when appellant Brown drove her vehicle into the rear of appellee Shiver's vehicle, which had stalled on a bridge approximately ten to fourteen minutes earlier. As Brown crossed the bridge she was driving approximately two car lengths behind a large vehicle which blocked her view of the road ahead. She first saw the stalled car when the vehicle ahead of her moved to the left lane to pass it. At that time, Brown was three to four car lengths from the stalled car but was unable to stop before striking it. A complaint was filed against both Brown and Shiver by the injured passenger in Brown's car. The original plaintiff dismissed her claim, leaving only Brown's cross-claim against Shiver. The trial court granted summary judgment to Shiver (hereinafter "defendant") on the cross-claim and Brown (hereinafter "plaintiff") appeals.

1. In her first ten enumerations of error, plaintiff asserts the trial court erred in resolving various factual issues which should have been determined by a jury and in granting summary judgment to defendant when the facts created an issue of negligence. We disagree. The undisputed facts of the case show defendant's car was disabled and

defendant had made reasonable efforts to start the car to no avail. While the Uniform Rules of the Road prohibit stopping or parking on a bridge, an exception to that prohibition is made to "the driver of any vehicle which is disabled while on the roadway in such a manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position." OCGA § 40-6-204. Therefore, defendant was not in violation of any statute and no evidence existed by which a jury could find him negligent per se.

Even though the presence of the stalled car may have created a hazard for other drivers, the undisputed evidence in this case creates no issue of negligence on the part of the defendant for creating the hazard. Just prior to the accident, defendant had retrieved his car from a repair shop where extensive repairs and reconditioning had been performed. Defendant had no prior notice that the car was likely to stall.

Neither is there any evidence the collision was proximately caused by defendant's alleged failure to warn plaintiff of the hazard created by his stalled car. Plaintiff testified she could not see the stalled car until the large vehicle immediately in front of her swerved to avoid striking it. Upon seeing the stalled car she applied her brakes but was unable to avoid the collision. Under this set of facts, the disputed issue of whether defendant had turned on his car's flashing hazard lights creates no genuine issue of negligence for failure to warn because the facts demand the conclusion that plaintiff could not have seen the warning in time to avoid the collision. Moreover, plaintiff was under a duty to keep a proper lookout for potential hazards. "A driver has no right to assume that the road ahead of him is clear of traffic, and it is his duty to maintain a diligent outlook ahead." *Wallace v. Yarbrough*, 155 Ga. App. 184, 185 (270 SE2d 357) (1980); *Leggett v. Brewton*, 104 Ga. App. 580 (3) (122 SE2d 469) (1961); *Kirkland v. Wheeler*, 84 Ga. App. 352 (1) (66 SE2d 348) (1951).

2. In her final three enumerations of error, plaintiff takes exception to the procedure whereby defendant's motion for summary judgment was heard and claims she was not afforded proper and sufficient notice of the hearing. Defendant's motion was filed on March 14, 1986 and, after obtaining an extension of time to file a response, plaintiff filed a brief in opposition to said motion on May 1, 1986. In this case, neither party requested an oral hearing on the motion and no rule nisi was served. Notice of a hearing date was mailed by the court to the attorneys of record on August 5, 1986, and oral argument was heard August 8, 1986. The trial court offered to change the position of the case on the upcoming trial calendar or to continue the case to the next available trial calendar to accommodate plaintiff's request for additional time to prepare for the hearing, but plaintiff declined. We find no error in the procedure by which the trial court heard defend-

ant's motion for summary judgment.

Plaintiff argues she was entitled, by Section 6 (d) of the Civil Practice Act (hereinafter "CPA"), to notice of the hearing not later than five days before the time specified for the hearing. Section 6 (d) of the CPA governs the hearing of motions in general, except those for which "a different period is fixed by this chapter. . . ." In fact, it is Section 56 (c) of the CPA which specifically governs the procedure for hearing a motion for summary judgment. Section 56 (c) allows the party opposing a motion for summary judgment at least thirty days to respond before the motion is heard. "We view the purpose of the 30-day waiting period required by CPA § 56 (c) as placing the opposing party on notice as to the material relied upon by the movant in support of his motion so that he might have sufficient opportunity to prepare his response." *Benton Bros. Ford Co. v. Cotton States Mut. Ins. Co.*, 157 Ga. App. 448, 449 (278 SE2d 40) (1981). The hearing referred to in Section 56 (c) simply means the opportunity to respond. " 'If the adverse party is given this opportunity, then he has been heard within the meaning of [Section] 56.' *Kibort v. Hampton*, 538 F2d 90, 91 (5th Cir. 1976)." *Dallas Blue Haven Pools v. Taslimi*, 180 Ga. App. 734, 737 (350 SE2d 265) (1986). Once the opposing party has been allowed the statutory period to respond, the CPA does not require any specific period of notice be given before oral argument will be heard. Under the circumstances of the case at hand, we find reasonable notice of the oral argument was given by the court.

We find no merit in plaintiff's argument that the court violated Rule 6.6 of the Uniform State Court Rules when it offered to remove the case from the trial calendar in order to accommodate plaintiff's request to reschedule the motion hearing. Rule 6.6 prohibits the continuance of a trial when there has been delay in filing a motion for summary judgment. Defendant's motion was filed almost five months before the hearing date and in no way delayed the trial of the case.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 4, 1987.

*Randolph H. Phillips*, for appellant.
*Terry J. Marlowe, Clayton Jones, Jr.*, for appellee.