A89A2018. GURLY et al. v. HINSON et al.

(391 SE2d 483)

COOPER, Judge.

Appellant, the driver of a vehicle which was struck in the rear by appellee's vehicle, and her husband brought an action for personal injuries and loss of consortium, respectively. The jury returned a verdict in favor of the appellant wife on the claim for personal injuries, but returned a verdict for appellee on the claim for loss of consortium. The appellee and her father were named defendants as the vehicle involved was a family purpose vehicle. Appellants raise ten enumerations of error in their appeal of the judgment entered upon the verdict.

1. In enumerations 1 and 2, appellants contend that error occurred when appellants' counsel was prohibited by the trial court from asking questions of the appellee's father regarding an insurance claim form mentioned to the appellant wife and the property damage to her car. Inasmuch as appellants' counsel's question was only relevant to the question of liability, even if it were error to disallow it (which we do not determine), the trial court's ruling was harmless since a verdict was rendered for the appellant wife. See *Maloy v. Dixon*, 127 Ga. App. 151 (2) (193 SE2d 19) (1972).

2. The third enumeration asserts error in the trial court's denial of appellants' motion for a directed verdict on the issue of liability. Any such error, if committed, was harmless to appellants since the jury returned a verdict in their favor on the issue of liability. *Butler v. Anderson*, 163 Ga. App. 547 (2) (295 SE2d 216) (1982). The case cited by appellants, *Davis v. Pachuilo*, 169 Ga. App. 677 (314 SE2d 692)

(1984) is distinguishable from the instant case because the court in the instant case gave no charges on comparative negligence, avoidance or contributory negligence and also because the jury verdict was in fact more than the appellant wife's medical expenses.

3. Appellants next contend that error occurred in allowing the appellee to make the final closing argument. The record shows that appellee was entitled to make the final closing argument pursuant to Uniform Superior Court Rule 13.4 since the appellee did not introduce or attempt to introduce any evidence at trial. Further, "[appellants'] failure to object promptly constitutes a waiver." *Davis v. Davidson*, 175 Ga. App. 451 (3) (333 SE2d 648) (1985).

4. The fifth enumeration of error recites that the court's refusal to instruct the jury to disregard statements in the closing argument of appellee constituted error. The closing arguments were not transcribed, therefore we cannot review the alleged error. "The burden is on him who asserts error to show it affirmatively by the record [cit.]. The brief cannot be used in lieu of the record for adding evidence to support a claim of error. [Cit.]" (Punctuation omitted.) *Cantrell v. Red Wing Rollerway*, 184 Ga. App. 506 (2) (361 SE2d 720) (1987). Furthermore, appellants' objection was not made until the trial was completed, the charge to the jury was made, and the jury had retired. Such an objection was not timely and therefore waived. *Davis*, supra at Division 3; *Hospital Auth. &c. v. Eason*, 113 Ga. App. 401 (13) (148 SE2d 499) (1966), rev'd on other grounds, 222 Ga. 536 (150 SE2d 812) (1966).

5. The next enumeration asserts error in the charge given on legal accident. Since the jury returned a verdict for the appellant wife, it is apparent that this charge was not applied. Therefore, any error that may have been committed was harmless. *Stroud v. Woodruff*, 183 Ga. App. 628 (3) (359 SE2d 680) (1987).

6. Appellants' seventh enumeration that error occurred because the jury was given an instruction on "serious injury" is without merit. The charge given was a correct statement of the law, and the evidence authorized such a charge. The doctor's testimony could raise an inference that the appellant wife's damages were due to other causes. Additionally, the doctor and the chiropractor that testified at trial first saw the appellant wife at least a year-and-a-half after the accident. This time lag, together with the testimony, was evidence that the jury was entitled to consider in their determination of whether the appellee's conduct resulted in a "serious injury" to the appellant wife. *Loyd v. Henry*, 174 Ga. App. 49 (2) (329 SE2d 195) (1985).

7. Likewise, appellants' eighth enumeration is without merit. The trial court did not err in refusing to charge on OCGA § 40-6-163 (a) since no written request to charge this statute was submitted by appellants. The record reveals no evidence of an oral request. *Dept. of*

*Transportation v. Pilgrim*, 175 Ga. App. 576 (1) (333 SE2d 866) (1985).

8. Appellants next contend that the judgment of the trial court is inadequate to compensate appellants as a matter of law. The amount of a jury verdict for pain and suffering is determined by the "enlightened conscience of impartial jurors." *Palmer v. Farmer*, 184 Ga. App. 753 (3) (362 SE2d 453) (1987). Unless a jury award "is so flagrantly excessive or inadequate, in the light of the evidence, as to create a clear implication of bias, prejudice or gross mistake on the part of the jurors," it will not be overturned. *Cullen v. Timm*, 184 Ga. App. 80 (2) (360 SE2d 745) (1987). The jury in the instant case awarded all the special damages sought and awarded an amount in addition thereto. In light of the evidence presented, this award did not raise a clear implication of bias, prejudice or gross mistake, and the enumeration is without merit.

9. Appellants contend, in the last enumeration, that the judgment in favor of appellee on the appellant husband's consortium claim is contrary to the evidence. This court does recognize the rule that a consortium action is derivative and when it is tried along with the primary action, a jury cannot render inconsistent verdicts. *Nelson & Budd v. Brunson*, 173 Ga. App. 856 (6) (328 SE2d 746) (1985). However, in view of the evidence produced at trial, we find that the verdicts rendered are not inconsistent. The evidence on the consortium issue was not uncontradicted, and the jurors were free to evaluate the witnesses, the testimony and the evidence produced to determine if the appellant husband was damaged due to loss of consortium. In the negligence action, the jury awarded the appellant wife a small amount over the documented special damages. The jury could have determined that the appellant wife's injuries were such that her husband suffered no compensable damage for loss of consortium. "Damages for loss of consortium, . . . are . . . not capable of exact pecuniary measure and must be left to the enlightened conscience of impartial jurors taking into consideration the nature of the services, society, companionship and all the circumstances of the case. [Cit.]" *Hospital Auth. of Walker &c. v. Smith*, 142 Ga. App. 284 (4) (235 SE2d 562) (1977). In the absence of bias and prejudice, the verdict will not be overturned for inadequacy. *Rutland v. Fuels, Inc.*, 135 Ga. App. 143 (2) (217 SE2d 167) (1975). No such bias or prejudice appearing in this case, the jury verdict should stand.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 28, 1990.

*John M. Beauchamp & Associates, Kermit S. Dorough, Jr.*, for appellants.

*Divine, Wilkin, Deriso & Raulerson, R. Kelly Raulerson*, for appellees.