A91A0337. WILLIAMS et al. v. NORRED.
(408 SE2d 827)

BANKE, Presiding Judge.

The appellants brought suit against the appellee and two other defendants, Karen Van Buren and John Crow, seeking to recover for personal injuries and property damage they had allegedly sustained when an automobile owned by one of them and occupied by the other two collided with a truck owned by the appellee. The case is before us on appeal from the grant of the appellee's motion for summary judgment.

The appellee had loaned the truck to defendant Crow prior to the accident; and Crow had placed it in the possession of defendant Van Buren, who was employed by him. As Van Buren was driving the vehicle onto an interstate highway access ramp at approximately 6:30 a.m. on October 2, 1987, the right front wheel came off, prompting her to pull to the side of the access ramp and set out on foot for assistance. She testified that the vehicle was protruding into the access lane "a foot or two" and that she left its headlights and parking lights on. She further testified that she did not strike any object or hear any noise before the wheel came off and that she had experienced no previous difficulty in handling the truck. Approximately 10 to 15 minutes after she left the scene, the truck was struck by the appellants' vehicle. The appellant driver testified that he was looking at the traffic on

the expressway while driving down the ramp and was unaware of the presence of the truck until his daughter exclaimed that they were going to hit it, by which time he was too close to it to avoid the collision. He stated that it was his "impression" that the truck was "in the lane." He further stated that the truck's lights were not on at the time, and he indicated that the absence of lights or warning devices on the vehicle was a contributing cause of the collision.

The appellee testified that he serviced the truck himself and that he had performed a safety inspection on the vehicle only the night before the accident occurred. He further testified that he had performed no work on the right front wheel since installing new brakes a year earlier. The appellants submitted an affidavit from an automotive technician to the effect that the wheel would not have come off as it did in the absence of faulty maintenance. *Held*:

Even assuming arguendo that the wheel came off due to negligent maintenance on the part of the appellee, we hold that such negligence cannot be considered the proximate cause of the collision under the circumstances of this case. "To recover damages in a tort action, a plaintiff must prove that the defendant's negligence was both the 'cause in fact' and the 'proximate cause' of the injury. The requirement of proximate cause constitutes a limit on legal liability; it is a 'policy decision . . . that for a variety of reasons, e.g., intervening act, the defendant's conduct and the plaintiff's injury are too remote for the law to countenance recovery.' [Cit.]" *Atlanta Obstetrics &c. Group v. Coleman*, 260 Ga. 569 (398 SE2d 16) (1990). "Although what amounts to proximate cause is undeniably a jury question, it will be determined by the court as a matter of law in plain and undisputed cases." *McAuley v. Wills*, 251 Ga. 3, 7 (303 SE2d 258) (1983).

"The driver of a motor vehicle has no right to assume that the road ahead of him is clear of traffic, and he must maintain a diligent lookout therefor." *Leggett v. Brewton*, 104 Ga. App. 580 (3) (122 SE2d 469) (1961). Given the testimony of the driver of the appellants' vehicle to the effect that he was not watching the road ahead of him but was looking at the traffic on the expressway, combined with the lack of any evidence contradicting the testimony of the defendant driver of the truck to the effect that the vehicle was protruding into the access lane only a foot or two, we conclude that the alleged negligence of the appellee in servicing the truck cannot be considered the proximate cause of the appellants' injuries; and we consequently hold that the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Carley, J., concurs specially. Beasley, J., concurs in judgment only.*

CARLEY, Judge, concurring specially.

I agree with the majority that the trial court's grant of appellee's motion for summary judgment should be affirmed. However, I do not agree with or join in the reasoning of the majority. The majority focuses on the contributory or comparative negligence of the driver of appellants' vehicle and upon the fact that the vehicle was "only a foot or two" over into the access lane. I cannot agree that those are issues which should be resolved as a matter of law. However, it is clear to me that, *as a matter of law*, any negligence of appellee in failing to service the vehicle cannot be the proximate cause of the injury here alleged. Cf. *Witt v. Atcheson*, 166 Ga. App. 188 (303 SE2d 523) (1983).

DECIDED JULY 16, 1991.

*Thomas F. Choyce*, for appellants.
*Jenkins & Eells, Frank E. Jenkins III, Sharon C. Barnes*, for appellee.