## A91A1676. JENKINS v. BURNS.
(415 SE2d 30)

Pope, Judge.

Plaintiff Seabron Jenkins sustained injuries in an automobile collision which occurred as he was driving his pickup truck north on East First Street in Rome. Defendant John Milford Burns, Jr., who had stopped his automobile in the left turn lane on the southbound side of the street, made a left turn across plaintiff's path, striking plaintiff's truck. Plaintiff's complaint in negligence against defendant was tried and the jury returned a verdict in plaintiff's favor in the amount of $1,000. Dissatisfied with the award, plaintiff appeals and argues the trial court erred in instructing the jury on comparative negligence.

The evidence showed the collision occurred about 10:30 a.m. on a bright and clear morning. The posted speed limit at the scene of the collision is 35 miles per hour. Plaintiff testified he was driving between 25 and 30 miles an hour and nothing obstructed his vision of the intersection. He did not see defendant's vehicle until just before the impact and applied his brakes, but could not avoid the collision. The investigating officer testified he saw skid marks indicating plaintiff's truck skidded 36 feet before impact. However, he saw no evidence that plaintiff was driving in excess of the speed limit. Defendant testified he did not see plaintiff's vehicle until just before impact and could not tell how fast it was going. Plaintiff argues no evidence was presented of any negligence on his part and, therefore, the trial court erred in instructing the jury on comparative negligence.

It is true, as plaintiff argues, that in a case where absolutely no evidence is presented from which a jury could find the plaintiff was negligent, then it is reversible error for the trial court to instruct the jury on comparative negligence. See *Moore v. Price*, 158 Ga. App. 566 (2) (281 SE2d 269) (1981); *Taylor v. Haygood*, 113 Ga. App. 30 (2) (147 SE2d 48) (1966); *Jacks v. Lambert*, 111 Ga. App. 763 (1) (143 SE2d 215) (1965). On the other hand, " '[i]t is a well established rule that an instruction is not abstract or inapplicable where there is any evidence, however slight, on which to predicate it. [Cit.] "To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it." [Cits.]' " *Carter v. Central of Ga. R. Co.*, 149 Ga. App. 867 (256 SE2d 149) (1979). In this case, the investigating officer testified to the physical evidence he observed at trial and that he found no evidence

of plaintiff's excessive speed. The facts of this case are comparable to those in *Garner v. Driver*, 155 Ga. App. 322 (270 SE2d 863) (1980), in which the investigating officer testified concerning the condition of the road at the scene of the collision and concluded that defendant had crossed over the yellow line. This court held "the jury was not bound by the opinion testimony of the investigating police officer but was authorized to consider his testimony as to the relevant facts as disclosed by his investigation and make its own interpretation. Under [OCGA § 24-1-1] the jury as the trier of facts could have drawn inferences from human experience in connection with cause and effect and applied its own opinion from the fact evidence submitted. [Cit.] Based upon the entire evidence before the court, the trial court did not err in charging on comparative negligence. [Cits.]" Id. at 324. Likewise, in this case the jury could draw its own inferences as to plaintiff's negligence from the parties' accounts of the collision and the skid marks described by the officer and the trial court did not err in its instructions to the jury.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 15, 1992 —
RECONSIDERATION DENIED JANUARY 28, 1992 — 

*Jones, Byington, Durham & Payne, Frank H. Jones*, for appellant.

*Rogers, Magruder, Sumner & Brinson, J. Clinton Sumner, Jr.*, for appellee.