A92A1450. COPELIN v. RUSSELL.
(423 SE2d 6)

CARLEY, Presiding Judge.

Appellant-plaintiff's husband was seriously injured in an automobile collision. Suit was filed against appellee-defendant, with appellant's husband seeking to recover for his injuries and appellant seeking to recover for loss of consortium. Liability was admitted and the issue of damages was tried before a jury. The jury returned a substantial verdict for appellant's husband, but awarded appellant nothing on her loss of consortium claim. Appellant's motion for new trial was

denied and she appeals from the denial of that motion.

Citing *Nelson & Budd, Inc. v. Brunson*, 173 Ga. App. 856, 859 (6) (328 SE2d 746) (1985) and *Burnett v. Doster*, 144 Ga. App. 443, 444 (2) (241 SE2d 319) (1978), appellant urges that the verdict on her consortium claim is erroneously inconsistent with the substantial verdict returned in favor of her husband.

"[B]efore making any determination that the [spouse] is entitled to recover the jury must determine whether the consortium has, in fact, been lost and, if so, whether the cause of the loss was such as to give rise to liability on the part of the defendants." *Hightower v. Landrum*, 109 Ga. App. 510, 514 (4) (136 SE2d 425) (1964). In *Nelson & Budd, Inc.*, supra at 859 (6), "the spouse . . . presented unrefuted evidence as to loss of consortium." In *Burnett*, supra at 444 (2), the spouse was "entitled to a new trial on the issue of damages [because] her evidence as to loss of consortium was uncontradicted. [Cits.]" In the instant case, however, the evidence as to appellant's consortium claim was not unrefuted and uncontradicted. Assuming that the evidence demanded a finding that appellant had lost the consortium of her husband, the evidence did not demand a finding that the cause of that loss was the automobile collision for which appellee had admitted liability. The evidence would authorize a finding that appellant and her husband had a troubled marriage for personal reasons which pre-existed the automobile collision and which were in no way attributable thereto. Accordingly, the jury was authorized to find that the automobile collision was not the proximate cause of any loss of consortium claimed by appellant. "[I]n view of the evidence produced at trial, we find that the verdicts rendered are not inconsistent. The evidence on the consortium issue was not uncontradicted, and the jurors were free to evaluate the witnesses, the testimony and the evidence produced to determine if the appellant . . . was damaged due to loss of consortium [attributable to appellee's negligence in causing the automobile collision]. . . . The jury could have determined that appellant . . . suffered no compensable damage for loss of consortium." *Gurly v. Hinson*, 194 Ga. App. 673, 675 (9) (391 SE2d 483) (1990). It follows that the trial court correctly denied appellant's motion for a new trial.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 23, 1992 —

*Eichelberger & Perrotta, James A. Eichelberger, Joseph D. Perrotta*, for appellant.

*MacDougald & Hendon, Daniel MacDougald III, Wyman Z.*

*Hendon, Jr.*, for appellee.