## A92A2364. GROGAN et al. v. BENNETT et al.
### (430 SE2d 94)

JOHNSON, Judge.

Peggy Grogan was driving on Georgia Highway 119, a rural two-lane highway. Just before dawn, as she approached the intersection of the highway with county road 362, she saw lights. County road 362 had a stop sign requiring that vehicles yield right-of-way to the traffic on Highway 119. When she saw activity at the intersection, Grogan lifted her foot off the gas pedal. According to her testimony, the next thing she knew, she saw a "wall" in front of her, and slammed on her brakes. Her car went into a skid and collided with an overturned tractor-trailer truck which had spilled its load of soybeans on the roadway.

Grogan brought this action against Stanley Bennett, the driver of the truck, and his employer, Gillis Brothers, Inc. Her husband asserted a claim for loss of consortium. The jury returned a verdict in favor of Grogan in the amount of $50,000, but returned a verdict for the defendants on the loss of consortium claim. In her appeal, Grogan raises six enumerations of error.

1. In her first enumeration of error, Grogan asserts that the trial court erred in charging the jury on contributory or comparative negligence. Grogan testified that she could not see the truck until it was immediately in front of her. Despite the fact that Bennett had not yet placed flares around the truck, Grogan "was under a duty to keep a proper lookout for potential hazards. 'A driver has no right to assume that the road ahead of him is clear of traffic, and it is [her] duty to maintain a diligent outlook ahead.' (Cits.)" *Brown v. Shiver*, 183 Ga. App. 207, 208 (1) (358 SE2d 862) (1987). Further, Grogan testified that she saw headlights as she approached the intersection.

"It is a well established rule that an instruction is not abstract or inapplicable where there is any evidence, however slight, on which to predicate it. To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it." (Citations and punctuation omitted.) *Jenkins v. Burns*, 202 Ga. App. 579 (415 SE2d 30) (1992). We conclude that the trial court did not err in charging the jury on comparative negligence.

2. Grogan next asserts that the trial court erred in charging the jury on avoidance. As discussed in Division 1 of this opinion, the issues of whether Grogan maintained a diligent lookout for dangers on the roadway and exercised due care for her own safety were appropriately submitted to the jury. *Stroud v. Woodruff*, 183 Ga. App. 628, 629 (2) (359 SE2d 680) (1987). The charge on avoidance was proper.

3. In her third enumeration of error, Grogan argues that the trial

court erred in charging the jury that the driver of a motor vehicle has no right to assume that the road ahead of him is clear of traffic. This is a correct statement of the law, was applicable in this case, and was correctly presented to the jury. *Williams v. Norred*, 200 Ga. App. 528, 529 (408 SE2d 827) (1991); *Leggett v. Brewton*, 104 Ga. App. 580 (3) (122 SE2d 469) (1961).

4. At Grogan's request, the trial court charged the jury on OCGA §§ 40-6-202 and 40-6-203 (vehicles on the roadway) to establish negligence per se. She asserts that the trial court erred in also charging the jury on OCGA § 40-6-204, relating to disabled vehicles, in that it applies to vehicles which are left in a roadway due to mechanical failure and not due to the negligence of the driver of the vehicle. Evidence was presented at trial regarding the circumstances of the accident which caused the truck to overturn and obstruct the roadway. The driver of the truck indicated that the condition of his brakes made it impossible for him to effect a safe stop. The charge, therefore, was justified by the evidence and we find no error. See *Jenkins v. Burns*, supra.

5. Grogan asserts that the trial court erred in not directing a verdict on the issue of liability. We disagree, but even if there was any such error, it was harmless since the jury returned a verdict in Grogan's favor on the issue of liability. *Gurly v. Hinson*, 194 Ga. App. 673 (2) (391 SE2d 483) (1990).

6. Finally, Grogan contends that the trial court erred in denying the motion for new trial in that the verdicts for Mrs. Grogan on damages and against Mr. Grogan on his loss of consortium claim are inconsistent verdicts. Generally, a consortium action is derivative and when it is tried along with the primary action, a jury cannot render inconsistent verdicts. *Nelson & Budd v. Brunson*, 173 Ga. App. 856 (6) (328 SE2d 746) (1985). Reflecting on the derivative nature of the loss of consortium claim, we can see how it could be inconsistent in some cases to find damages on a loss of consortium claim when no damages are awarded to the principal plaintiff. It does not follow, however, that in every instance that an injury and resultant damages to one plaintiff necessarily results in a compensable claim for loss of consortium to the spouse. In *Gurly v. Hinson*, supra, we held that a jury, after evaluating the witnesses, the testimony and the evidence could find that the husband had suffered no compensable damage for loss of consortium. "Damages for loss of consortium are not capable of exact pecuniary measure and must be left to the enlightened conscience of impartial jurors taking into consideration the nature of the services, society, companionship and all the circumstances of the case." (Citations and punctuation omitted.) Id. at 675. See *Copelin v. Russell*, 205 Ga. App. 540 (423 SE2d 6) (1992). Accordingly, the jury verdict must stand.

*Judgment affirmed. Pope, C. J., Birdsong, ·P. J., Beasley, Cooper and Andrews, JJ., concur. McMurray, P. J., Carley, P. J., and Blackburn, J., concur in part and dissent in part.*

CARLEY, Presiding Judge, concurring in part and dissenting in part.

1. Because I find some evidence upon which to base the charges of which appellants complain, I must concur in Divisions 1-4 and in the affirmance of the judgment entered on the jury verdict in favor of Peggy Grogan. However, I wish to note that *Jenkins v. Burns*, 202 Ga. App. 579 (415 SE2d 30) (1992) and *Stroud v. Woodruff*, 183 Ga. App. 628, 629 (2) (359 SE2d 680) (1987), "[t]he cases most strongly relied on by [appellees,] are not in point. [This is a case] where [appellees' truck] . . . had blocked the [intersection], and [appellants' automobile] collided with the [truck]. The questions involved in [this case], of course, are materially different from the ones in [*Jenkins* and *Stroud*] where the [intersection] was clear as the [plaintiff] approached the [intersection], and the [vehicles] collided as they both entered the [intersection]. [Nevertheless, I agree that this] is not one of those cases where the questions of negligence and diligence are ones of law and not of fact. [Cits.]" *Jones v. McCranie*, 92 Ga. App. 505, 508 (1) (88 SE2d 849) (1955). See *New Cigar Co. v. Broken Spur*, 103 Ga. App. 395 (119 SE2d 133) (1961).

2. However, I cannot concur in the affirmance of the judgment entered on the jury verdict in favor of the defendants on Robert Grogan's loss of consortium claim. In Division 5, the majority correctly states that it is not in *every* instance that an injury and resultant damages to one plaintiff necessarily results in a compensable claim for loss of consortium to the spouse. However, my review of the record in this case convinces me that the general rule applies here and that the verdict against Mr. Grogan on his loss of consortium claim is inconsistent with Mrs. Grogan's recovery and cannot stand. "While there was evidence that [the wife] had been [injured several] years earlier . . . , there [is] evidence that the latest accident directly caused some injuries. . . . When the jury found for the wife, it, in effect, determined that [appellees] had caused her injury. The uncontradicted evidence shows that those injuries caused . . . the husband [some loss of consortium]. In other words, the same jury's verdict for the wife could not logically preclude those damages sought by the husband which are directly derivative from the wife's claim." *Clark v. Wright*, 137 Ga. App. 720, 721-722 (1) (224 SE2d 825) (1976).

"In the case sub judice, the injured party has suffered significant injuries, has been awarded a substantial verdict for those injuries and the spouse has presented unrefuted evidence as to loss of consortium. Under these circumstances, the award of zero damages to the spouse

is an inconsistent verdict entitling [Mr. Grogan] to a new trial on the issue of damages. [Cit.]" *Nelson & Budd, Inc. v. Brunson*, 173 Ga. App. 856, 859 (6) (328 SE2d 746) (1985). Compare *Copelin v. Russell*, 205 Ga. App. 540, 541 (423 SE2d 6) (1992) (where the "evidence would authorize a finding that appellant and her husband had a *troubled marriage* for personal reasons which pre-existed the automobile collision and which were in no way attributable thereto") (emphasis supplied); *Gurly v. Hinson*, 194 Ga. App. 673, 675 (9) (391 SE2d 483) (1990) (where the "evidence on the consortium issue was not uncontradicted," "the jury awarded the appellant wife a *small* amount over the documented special damages," (emphasis supplied) and the "jury could have determined that the appellant wife's injuries were such that her husband suffered no compensable damage for loss of consortium").

Accordingly, I believe that Mr. Grogan is entitled to a new trial on the issue of damages for his claim for loss of consortium and I respectfully dissent as to Division 5.

I am authorized to state that Presiding Judge McMurray and Judge Blackburn join in this opinion.

DECIDED MARCH 10, 1993 —
RECONSIDERATION DENIED MARCH 23, 1993

*Edenfield, Stone & Cox, Gerald M. Edenfield, Susan W. Cox*, for appellants.

*Dillard, Landers & Bower, Terry A. Dillard, Bryant H. Bower, Jr.*, for appellees.

