A93A1056. HORN et al. v. FOODMAX OF GEORGIA, INC.
(437 SE2d 336)

JOHNSON, Judge.

Nancy Horn brought this action against Foodmax of Georgia, Inc. seeking damages for injuries she allegedly sustained when she slipped and fell on a foreign substance while shopping in a Foodmax store. Her husband, Edward Horn, seeks damages for loss of consortium. The trial court granted summary judgment to Foodmax and the Horns appeal.

On the day of the accident, Mrs. Horn was walking toward the check-out with three small items in her hand. She watched where she was going and her eye "picked up" a small puddle of clear liquid on the floor. Before she had a chance to stop, she slipped, fell and was injured. Mrs. Horn testified on deposition that there were no store employees in or around the area when she fell. The closest store employee was Carolyn Minton, who was standing at a demonstration table approximately fifteen feet and two aisles away when Mrs. Horn fell. Minton saw Mrs. Horn fall via her peripheral vision. When Mrs. Horn fell, Minton and her supervisor, who had apparently been about six more feet away, went over to assist her and summoned an ambulance. They also inspected the floor around her several times but did not find any foreign substance. Minton had not seen any substance on the floor prior to the fall either. It was never determined what the alleged substance was. Minton testified that the floors were inspected

and cleaned every three to four hours by other employees and were cleaned immediately if problems were discovered.

1. The Horns contend that the evidence was sufficient to show that genuine issues of material fact remained as to the proprietor's knowledge of the dangerous condition. We disagree.

"It is well-settled that in order to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the plaintiff must show that the defendant had actual or constructive knowledge of the foreign substance and that the plaintiff was without knowledge of the substance or, for some reason attributable to the defendant, was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980)." *Jester v. Ingles Market*, 206 Ga. App. 327, 328 (425 SE2d 323) (1992). The Horns do not claim that the proprietor had actual knowledge of the presence of the foreign substance on the floor. Instead, they argue that Foodmax had constructive knowledge of its presence.

In order to establish constructive knowledge, the plaintiff must show: 1) that a foreign substance had been on the premises for such a time that ordinary diligence by the defendant should have effected its discovery, or 2) that an employee of the defendant was in the immediate area of the hazardous condition and could have easily seen the substance. *Jester*, supra at 328. The Horns contend that the unidentified liquid was on the floor for a long time and that had Foodmax employees exercised reasonable care, they would have discovered it. However, there is no evidence whatsoever indicating how long the substance had been on the floor. Therefore, there is no evidence that ordinary diligence would have effected its discovery.

Furthermore, there is no evidence to show that a Foodmax employee was in the immediate area and could have easily seen the substance. Mrs. Horn's own testimony was that there were no employees in the area at the time she fell. Other evidence in the record indicates that the closest employee was approximately fifteen feet and two aisles away when the accident occurred. The evidence also indicates that the substance could not even be seen easily at a very close distance. Mrs. Horn testified that the substance was small[1] and clear and that, although she was looking at the floor as she walked, she did not see the substance until it was too late for her to avoid stepping in it. We therefore conclude that the Horns have failed to show the existence of a genuine issue of fact as to Foodmax's constructive knowl-

---

[1] In her deposition, Mrs. Horn repeatedly used the word "small" to describe the puddle. She never gave the dimensions verbally, although she apparently drew a picture indicating its size. The drawing, however, is not included in the record. The only evidence we have of the size of the puddle is Foodmax's characterization (based on the drawing) that the substance was approximately three inches in diameter.

edge of any foreign substance on the floor.

2. In their second enumeration of error, the Horns argue that the court erred in granting summary judgment because issues involving negligence, diligence and the exercise of ordinary care are generally left within the purview of the jury. This is a correct statement of law. However, as discussed in Division 1 above, "no question of fact exists from which a jury could infer any failure on appellee's part to exercise reasonable care to keep its store in safe condition. [Cit.]" *Bright v. Food Giant*, 177 Ga. App. 641, 642 (340 SE2d 272) (1986). The Horns' claim that Foodmax employees failed to render aid has absolutely no support in the record and does not warrant further discussion. Therefore, in the absence of any genuine issue of material fact, we find that the trial court correctly granted summary judgment in favor of Foodmax. Consequently, since Mr. Horn's right to recover for loss of consortium is derivative of his wife's claim, and since she cannot recover, he likewise cannot recover. *Stone Mountain Mem. Assn. v. Herrington*, 225 Ga. 746, 749 (3) (171 SE2d 521) (1969). See *Grogan v. Bennett*, 208 Ga. App. 102, 103 (6) (430 SE2d 94) (1993).

3. In their third enumeration of error, the Horns argue that the party opposing the motion for summary judgment must be given the benefit of all reasonable doubts and favorable inferences. We agree. However, even giving the Horns the benefit of all reasonable doubts and all favorable inferences, which we in fact did in Division 1 above, we find no error in the trial court's decision granting summary judgment.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 12, 1993.

*Copeland, Thomas & Haugabrook, Vincent D. Hyman*, for appellants.

*Hodges, Erwin, Hedrick & Kraselsky, William H. Hedrick, David W. Orlowski*, for appellee.