A93A2357. JOHNSON et al. v. LOGGINS et al.
(438 SE2d 711)

BLACKBURN, Judge.

Appellants brought the underlying action for personal injuries and loss of consortium arising from an automobile collision in which their automobile was rear-ended by appellee's vehicle. The jury returned a verdict awarding appellant Sybil Johnson medical expenses of $5,047, lost wages of $7,453, and damages for pain and suffering of $1,000. No award for damages on Boyce Johnson's claim for loss of consortium was rendered by the jury. Appellants appeal the trial court's denial of their motion for new trial asserting several enumerations of error.

1. In their first enumeration of error, appellants contend that the trial court erred in reducing the verdict by the amount of no-fault insurance benefits they received. This issue was decided adversely to appellants in *Walker v. Willis*, 210 Ga. App. 139, 140 (435 SE2d 621) (1993), wherein we held that the repeal of the No-Fault Act did not affect the defendant's right to reduce the plaintiff's verdict by the amount of the basic no-fault benefits received by the plaintiff.

2. Appellants assert that the trial court erred in denying their motion for directed verdict. Appellants argue that despite the jury's verdict in their favor, the denial of their motion for directed verdict was not rendered harmless, considering the trial court's charge on comparative negligence. *Davis v. Pachuilo*, 169 Ga. App. 677 (314 SE2d 692) (1984). In *Davis*, we held that, in a case where a directed verdict was demanded, the trial court's "charges on comparative negligence, avoidance, and contributory negligence may have confused the jury and contributed to its decision to award the plaintiff less than his actual medical expenses and lost wages." Id. at 677-678.

In the present case a directed verdict on liability was not demanded by the evidence. The appellee testified that Johnson's vehicle began to move forward through the intersection and that as he proceeded forward behind it, Johnson's vehicle came to an abrupt stop. Additionally, there was ample evidence that Sybil Johnson suffered from pre-existing injuries. Therefore, the evidence presented a conflict as to any negligence on Sybil Johnson's part, as well as a conflict as to whether the appellee's negligence was the sole cause of all of appellants' damages. *Houston v. Hughes*, 172 Ga. App. 638, 639 (324 SE2d 206) (1984).

3. In their third enumeration of error, appellants contend that the trial court erred by instructing the jury on comparative negli-

gence. The appellee presented testimony that Sybil Johnson admitted that she had thought she could pull out through the intersection; however, she changed her mind and stopped her vehicle. "When there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue. [Cit.]" (Punctuation omitted.) *Hicks v. Doe*, 206 Ga. App. 596, 598 (426 SE2d 174) (1992). The trial court's charge was authorized by the evidence.

4. In their fourth enumeration of error, appellants contend that the trial court erred in entering the judgment awarding no loss of consortium damages despite the jury's award of personal injury damages. Appellants argue that the jury's verdict was inconsistent in its award of damages and that, therefore, a new trial is demanded. *Nelson & Budd, Inc. v. Brunson*, 173 Ga. App. 856 (6) (328 SE2d 746) (1985).

"This court does recognize the rule that a consortium action is derivative and when it is tried along with the primary action, a jury cannot render inconsistent verdicts. [Id.] However, in view of the evidence produced at trial, we find that the verdicts rendered are not inconsistent." *Gurly v. Hinson*, 194 Ga. App. 673, 675 (391 SE2d 483) (1990). Evidence was presented that Sybil Johnson's pre-existing injuries were more likely the cause of recurring symptoms than any injuries received in the present case. Therefore, the jury could have determined that the injuries contributing to the loss of consortium claim were not caused by this accident. Furthermore, the evidence on the loss of consortium was disputed. The "jurors were free to evaluate the witnesses, the testimony and the evidence produced to determine if the appellant husband was damaged due to loss of consortium." *Gurly*, supra at 675. The jury awarded Sybil Johnson substantially less than the amount of her special damages. "Damages for loss of consortium are not capable of exact pecuniary measure and must be left to the enlightened conscience of impartial jurors taking into consideration the nature of the services, society, companionship and all the circumstances of the case." (Citations and punctuation omitted.) Id. In the present case, the evidence supported the verdict. Compare *Grogan v. Bennett*, 208 Ga. App. 102 (430 SE2d 94) (1993).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 3, 1993.

*A. Larry King*, for appellants.
*Dennis, Corry, Porter & Gray, William E. Gray II, Stephanie F. Goff, Linda M. Fitzgerald*, for appellees.