A01A1482. MORTENSEN et al. v. FOWLER-FLEMISTER CONCRETE, INC. et al.
(555 SE2d 492)

MILLER, Judge.

Davis and Anna Mortensen appeal from a jury verdict, which awarded damages to Davis Mortensen for injuries sustained following a car accident and denied damages to Anna Mortensen on her claim for loss of consortium. Appellants allege errors based on the jury charges given at trial, the trial court's failure to admit certain evidence, and the alleged inadequacy of the jury's damages award. We discern no reversible error and affirm.

---

Davis was injured when his pickup truck collided with a truck owned by Fowler-Flemister Concrete Company, Inc. ("Fowler-Flemister"). Following the accident, Davis and his wife Anna sued Fowler-Flemister and the Fowler-Flemister employee who was driving the truck to recover damages for Davis's injuries and Anna's loss of consortium.

Before trial Fowler-Flemister's counsel sent a letter to the court in an attempt to convince the court to submit the matter to mediation. In the letter Fowler-Flemister's counsel stated that liability in the case was admitted and that the only issue to be resolved through mediation was damages. The case was not sent to mediation, however, and Fowler-Flemister later successfully moved to exclude this letter from the evidence at trial.

At trial Anna testified about her relationship with her husband prior to and following the accident. When asked about how the car accident had changed her relationship with her husband, she indicated that their relationship was good and that the accident may have brought her and her husband closer together.

Davis claimed that his medical expenses relating to the injuries that he suffered from the car accident were $48,994.36. The jury returned a verdict in Davis's favor for $75,000, but returned a verdict against Anna on her claim for loss of consortium.

1. The Mortensens claim that, despite the jury verdict in favor of Davis, the trial court erred by giving a jury instruction on assumption of risk. Assumption of risk, however, is a doctrine that relates to liability and, if believed by a jury to be applicable, would have barred any recovery to Davis.[1] "It has long been the rule that when a verdict has been returned in favor of the plaintiff, errors in the giving of the charge, in omissions from the charge or in the refusal of requests which go to the matter of liability only are harmless to the plaintiff and afford no ground for reversal at his instance."[2] Since the jury returned a verdict in favor of Davis, and since Anna's claim was purely derivative, any alleged error in the giving of an instruction relating to assumption of risk would be harmless.

2. The Mortensens also claim that the trial court erred in the manner in which it charged the jury on defendants' affirmative defenses. More specifically, they contend that the charges did not clearly indicate that defendants had the burden of proving their affirmative defenses as the defendants' burden was not reiterated in every charge relating to the affirmative defenses. This enumeration fails for the same reason discussed in Division 1. Moreover, we dis-

---

[1] See, e.g., *Clemmons v. Smith*, 246 Ga. App. 643, 644-645 (1) (540 SE2d 623) (2000).

[2] (Citations and punctuation omitted.) *Heath v. L. E. Schwartz & Son, Inc.*, 199 Ga. App. 452, 453 (405 SE2d 290) (1991).

agree with the merits of the argument.

Even though a request to charge may be "apt, correct and pertinent, it is not necessarily error to fail to charge it."[3] We must look to the charge as a whole to determine "whether the court substantially covered the principles embodied therein or whether it was sufficiently or substantially covered by the general charge."[4] The trial court stated explicitly in the jury charges that defendants had the burden of proof with respect to each and every one of their affirmative defenses. Viewing the charge as a whole, there is no confusion as to who bore the burden of proving the affirmative defenses, and the Mortensens' contention to the contrary is without merit.

3. The Mortensens further contend that the jury's award of $75,000 in favor of Davis and its award of nothing for Anna were inadequate. We disagree.

A reviewing court will not interfere with a jury's award of damages unless the amount is so small or so excessive that it justifies an inference of gross mistake or undue bias.[5] We fail to see, nor have the Mortensens shown, any mistake or bias against them from a jury award in Davis's favor that is 50 percent greater than Davis's claimed medical expenses.[6]

Further, even though Anna's claim for loss of consortium is derivative of her husband's claim, the Mortensens do not attack any alleged inconsistency in the jury's verdict in their enumeration of error,[7] but only the fact that no damages were awarded to Anna. "Damages for loss of consortium are not capable of exact pecuniary measure and must be left to the enlightened conscience of impartial jurors taking into consideration the nature of the services, society, companionship and all the circumstances of the case."[8] The Mortensens have made no showing of any bias against them, and under the evidence of this case described above, "[t]he jury could have determined that [Davis's] injuries were such that [his wife] suffered no compensable damage for loss of consortium."[9]

4. The Mortensens also urge that the trial court erred by excluding from evidence the letter from Fowler-Flemister's counsel admitting liability. However, "admissions or propositions made with a view to a compromise are not proper evidence."[10] The letter at issue, by its

---

[3] (Citations and punctuation omitted.) *Quiktrip Corp. v. Childs*, 220 Ga. App. 463, 464 (1) (469 SE2d 763) (1996).

[4] (Citations and punctuation omitted.) Id.

[5] *Green v. Proffitt*, 248 Ga. App. 477, 478 (1) (545 SE2d 623) (2001).

[6] See *Gurly v. Hinson*, 194 Ga. App. 673, 675 (8) (391 SE2d 483) (1990).

[7] See *Johnson v. Bryant*, 178 Ga. App. 327, 330 (7) (343 SE2d 397) (1986).

[8] (Citations and punctuation omitted.) *Gurly*, supra, 194 Ga. App. at 675 (9).

[9] Id.

[10] OCGA § 24-3-37.

very terms, was written in an attempt to bring about mediation and compromise the claims in this case. The trial court did not err by excluding this evidence.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 12, 2001 —
RECONSIDERATION DENIED NOVEMBER 13, 2001 —

*David G. Kopp, Jesse Copelan, Jr.*, for appellants.

*Carr, Tabb, Pope & Freeman, W. Pitts Carr, Eric N. Van De Water, Swift, Currie, McGhee & Hiers, Bradley S. Wolff*, for appellees.