70944. CADE et al. v. ROBERTS.
(334 SE2d 379)

BANKE, Chief Judge.

The appellee, Patti Roberts, filed suit in the Magistrate Court of Floyd County to recover damages from the appellants, Charles Cade and Cade's Fine Jewelry Company, Inc., for the loss of a diamond and sapphire ring left in their possession for repairs. The appellants filed an answer denying liability, and the case was transferred to the Superior Court of Floyd County for trial. A jury awarded the appellee damages in the amount of $1,500 and attorney fees in the amount of $1,398.50. The appellants' sole enumeration of error on appeal is that the award of attorney fees was not supported by the evidence.

Most of the salient facts are undisputed. The appellee was visiting the appellants' store in May of 1983 when a store employee, Mr. Clarence Cade, remarked that the sapphire and diamond ring she was wearing appeared to need "retipping." The appellee allowed Mr. Cade to examine the ring; and while he was doing so, the sapphire stone

came out of its setting. She therefore left the ring with the store to get it repaired. At this time, she was given a receipt which specified the ring's estimated value to be $1,500 and further specified that "any damage or loss will be limited to the exact cost to repair or replace the item and not to exceed the value stated above."

After attempting each week for the next several weeks to retrieve the ring from the store, the appellee was finally advised that the ring had been "sent off" to be repaired and was told to begin inquiring for it on a monthly rather than a weekly basis. In November, she returned to the store and requested that the ring be returned to her regardless of whether it had been repaired. She was asked at this time to describe the ring and responded by making reference to the description contained on the receipt. She was then asked to produce her copy of the receipt, whereupon she confessed that she had misplaced it. The appellee testified that upon hearing this disclosure, the store clerk suggested that she might never have left the ring with the store. The appellee further testified that her subsequent telephone calls to Mr. Cade were not returned.

The following March, the appellee discovered her receipt while going through some old papers, and she returned to the store with it. She subsequently received a letter from Mr. Cade dated March 19, 1984, containing the following statements: "We are sorry indeed to have misplaced your diamond and sapphire ring . . . [Y]ou were given a detailed receipt for your ring that explains that we will replace your old and worn ring with a new one. The receipt establishes a value to which you agreed. We will replace that value with a like value of your choice. We do expect you to pay the repair charges of $60.00 due on the old ring. If you were to have a picture of the item, which an adequate appraisal would have provided, we would replace the ring exactly." The appellee declined to accept this offer of a replacement ring and instead instituted the present action for money damages, which the appellant vigorously defended. *Held*:

Attorney fees may be awarded as expenses of litigation pursuant to OCGA § 13-6-11 where there is evidence that the defendant "has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense . . ." Bad faith refers to the transaction out of which the cause of action arose rather than the motive with which the defense is made. *Adams v. Cowart*, 224 Ga. 210, 215 (160 SE2d 805) (1968). Recovery of attorney fees for stubborn litigiousness or causing the plaintiff unnecessary trouble and expense is allowed only where a bona fide controversy does not exist, that is, where there is no genuine dispute regarding the liability. See *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219 (6) 224-225 (312 SE2d 386) (1983). Such an award will be affirmed if there is any evidence to support it, unless it can be said as a matter of law

that there was a reasonable defense to the claim. *Ken-Mar Constr. Co. v. Bowen*, 245 Ga. 676, 677 (266 SE2d 796) (1980).

Based on the evidence presented at trial, we hold that the jury was authorized to award attorney fees either for bad faith in the transaction or for stubborn litigiousness. We reject the appellants' argument that the letter of March 19, 1984, constituted a complete tender of damages in accordance with the provisions of the receipt purporting to limit liability to "the exact cost to repair or replace" the item. In the first place, the appellants never offered to pay *the cost* of replacement but offered instead to give the appellee another ring from its inventory. In the second place, the letter sought to impose a charge of $60 for the repair of the lost ring as a condition precedent to affording her even that remedy.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Wade C. Hoyt III*, for appellants.
*Timothy A. Pape*, for appellee.