## A89A1318. JOHNSON v. WADDELL.
### (388 SE2d 723)

BIRDSONG, Judge.

A. E. Johnson d/b/a Johnson Pools appeals the judgment awarded in a civil action against it of $3,360 general damages; $3,300 punitive damages; and $2,660.67 attorney fees and court costs.

The chief complaint on appeal is that because the trial court had granted a directed verdict on the appellee's "fraud count" leaving only a claim of breach of contract, appellee was not entitled to punitive ("aggravated") damages, and the trial court erred in charging the jury so as to allow such damages. See OCGA § 13-6-10. Appellee Waddell announces in reply that notwithstanding the directed verdict against him on "the fraud count," he had in fact proven the elements of fraud or tort which would, and did, support the punitive damages award. *Held*:

1. Appellee was not entitled to an award of punitive damages, for the only ground which would have supported it, to wit, the fraud alleged, was ousted from the case by the trial court. All that remained in the case was the breach of warranty (contract) issue.

By statutory mandate in this state, "exemplary damages shall never be allowed in cases arising on contracts [unless otherwise provided by law]." OCGA § 13-6-10. See *Horne v. Drachman*, 247 Ga. 802 (280 SE2d 338). Appellee cannot contend the damages are supportable because he proved fraud anyway, for the trial court had already directed a verdict against him and in favor of appellant, thus saying there was nothing to be proved on a question of fraud. The directed verdict, *unappealed*, disposed of any issue there might have been as to fraud. No basis exists in the case to support punitive damages, for no basis exists for appellee to argue he proved fraud because the trial court, by directed verdict unappealed, has ruled there is no such evidence in the case. It was error for the trial court to charge the jury it could award "aggravated" damages, which are nothing more than punitive damages, because the action extant was based only on contract. Appellee has not proposed any basis upon which such damages might be "otherwise provided by law" (§ 13-6-10). The award of punitive damages cannot be sustained and must be stricken.

2. Appellant contends that when the trial judge announced that the fraud issue was not sufficiently pled or proved in the case and said: "I do not believe that *the count on fraud* is any longer in the case" (emphasis supplied), this ruling disposed of the appellee Waddell's claim for "bad faith" because that claim physically reposed in paragraph 14 of "COUNT II (FRAUD IN THE INDUCEMENT)," as appellee himself had phrased it in his complaint. Consequently, says appellant, without a claim extant for bad faith, the award of attorney fees and costs cannot stand.

This construction of procedural events is without merit. Paragraph 14 of the complaint asserts that "[d]efendant, *having acted in bad faith during the course of the transaction described herein*, should be required to pay the reasonable attorney's fees of the [p]laintiff in the amount shown at the time of the trial." (Emphasis supplied.) This is clearly a claim for bad faith *in the performance of the contract*, under OCGA § 13-6-11; see *Cade v. Roberts*, 175 Ga. App. 800 (334 SE2d 379). This issue is the province of the jury, and the evidence in the case supports the award. See *Sanders v. Hughes*, 183 Ga. App. 601 (359 SE2d 396); *Harrell v. Gomez*, 174 Ga. App. 8 (329 SE2d 302). It was not necessary that plaintiff Waddell prove any other elements of § 13-6-11, e.g., stubborn litigiousness, to gain the award (*National Svc. Indus. v. Hartford Accident &c. Co.*, 661 F2d 458 (5th Cir. 1981)).

Although physically the paragraph no. 14 may have appeared to be part of "COUNT II (FRAUD IN THE INDUCEMENT)," its language proves clearly that it was not. It is in fact the last paragraph in the complaint and was not based on fraud, and did not seek attorney fees on account of fraud, but on account of defendant's "bad faith during the course of the transaction," which is clearly a matter of contract performance. See *Glen Restaurant v. West*, 173 Ga. App. 204 (325 SE2d 781).

If appellant was of the misunderstanding that when the trial court threw out the "fraud count," it also disposed of the allegation of bad faith in the performance of the transaction (contract), the trial court corrected this misimpression when it announced that it had not disposed of the bad faith issue and would allow evidence of attorney fees and so charge the jury. Appellant surely had no vested right in his misunderstanding and no harm or prejudice accrued to him because of it. Appellant simply seeks to take advantage here of his own baseless and rectified misunderstanding, but it is not entitled to have the attorney fee award reversed because of it.

Accordingly, with this ruling, we reverse the judgment insofar as it allows an award of punitive damages, and we affirm the award of general damages and of attorney fees.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 9, 1989 —
REHEARING DENIED NOVEMBER 28, 1989.

*Blount, Renehan & Ellis, Edward G. Renehan*, for appellant.

*Smith & Welch, Benjamin W. Studdard III*, for appellee.