A92A0207. NODVIN v. WEST et al.
A92A0208. WEST v. NODVIN.
(419 SE2d 120)

POPE, Judge.

Plaintiff/appellant Marvin P. Nodvin brought suit against defendants/appellees Thomas B. West and Victoria Corporation alleging breach of contract and fraud arising out of defendants' failure to pay Nodvin attorney fees owed to him for his representation of defendants in connection with certain legal matters. Victoria failed to answer the complaint and was judged to be in default on both counts. The trial court directed a verdict in favor of West on the fraud claim but found that Nodvin was entitled to judgment on the breach of contract claim for the amount sought in his complaint, plus interest in an amount to be determined by the jury. The trial court further instructed the jury that Victoria's liability as to both counts had been established by virtue of its failure to appear and that the jury was to determine the amount of damages to be awarded on the fraud claim against Victoria. The question of whether defendants had been stubbornly litigious was also submitted to the jury.

The jury returned a verdict against both defendants, jointly and severally, in the principal amount of $4,730.50 plus interest in the amount of $30,614.53. The jury also awarded Nodvin attorney fees and expenses of litigation in the sum of $10,957.44 and punitive damages in the amount of $37,500 against Victoria on the fraud claim.

Nodvin filed a timely notice of appeal from the judgment entered on the verdict, which was docketed in this court as Case No. A92A0207; West then filed a timely cross-appeal which was docketed in the court as Case No. A92A0208.

### Case No. A92A0207

1. Nodvin first contends that the trial court erred in directing a verdict in West's favor on Count II of the complaint (fraud). We find no error. The only evidence presented at trial in support of Nodvin's claim that West had fraudulently secured his services was Nodvin's testimony at trial that West never intended to pay him for his services and that West made that fact known to "everybody [in] town." However, Nodvin offered no evidence in support of his contention that West secured his services with the intention that he would not pay for those services. A mere failure to pay a contractual obligation does not amount to tortious conduct. *Ring v. Williams*, 192 Ga. App. 329, 332 (6) (384 SE2d 914) (1989); *Long v. Jim Letts Oldsmobile*, 135 Ga. App. 293 (2) (217 SE2d 602) (1975). The record also shows that Nodvin had experienced difficulty in collecting legal fees from West in the past and therefore knew of his propensity not to pay his obligations when due. Thus it is questionable whether Nodvin was reasonably justified in accepting West's assurances concerning payment in connection with any future representation. " 'The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff.' [Cit.] The evidence failed to prove at least [two] of the above listed elements, i.e., scienter [and] justifiable reliance . . . ; therefore, the direction of the verdict as to the second count, based on [fraud], was not error." *Romedy v. Willett Lincoln-Mercury*, 136 Ga. App. 67, 68 (220 SE2d 74) (1975). See also *Ring v. Williams*, 192 Ga. App. at 332 (6).

2. It follows from our holding in Division 1 that, contrary to Nodvin's second enumeration of error, the trial court did not err in refusing to submit Nodvin's claim for punitive damages to the jury. See *Johnson v. Waddell*, 193 Ga. App. 692 (1) (388 SE2d 723) (1989).

3. Nodvin also contends that the trial court erred in refusing to admit into evidence certain exhibits which consisted of certified copies of pleadings and orders in prior litigation in which allegations of fraud had been asserted against West. First, we find no merit to Nodvin's assertions on appeal that these exhibits should have been admitted to establish his claim of fraud against West. Our review of the record reveals that to the extent the prior litigation did contain allegations of fraud, there were no allegations of a fraudulent act sim-

ilar to that alleged in the case at bar (securing services with no intent to pay) and, thus even if admitted, would not have supplied proof of any of the elements necessary to establish the fraud count in this case. Likewise, we find no merit to Nodvin's argument that the exhibits should have been admitted to show course of conduct, inasmuch as Nodvin failed to establish fraudulent conduct in the case at bar. Consequently, the enumerations relating to the trial court's refusal to admit the complained of exhibits are without merit.

4. Nodvin also contends the trial court erred in refusing to give certain of his requests to charge.

(a) It follows from our holdings in Divisions 1 and 2 that the trial court did not err in refusing to give Nodvin's requests to charge relating to fraud and punitive damages.

(b) By supplemental brief Nodvin has abandoned those enumerations of error concerning the court's charge to the jury as it relates to defendant Victoria Corporation.

(c) We have examined Nodvin's remaining challenges to the court's charge to the jury and find them to be without merit.

5. Nodvin also enumerates as error the trial court's denial of his motion for supersedeas bond. Nodvin sought to appeal this ruling by filing an "amended" notice of appeal on August 23, 1991, over three months after the original notice of appeal was filed on May 10, 1991. Pretermitting the question of whether it is permissible to amend or supplement a notice of appeal so as to bring before the appellate court issues not included within the original notice of appeal (see OCGA § 5-6-48 (d) which provides the notice of appeal may be amended to correct errors), we hold that we are without jurisdiction to entertain the issues raised in the amended notice of appeal. That notice shows on its face that the order appealed from was issued on July 15, 1991. As stated above, the amended notice was not filed until August 23, 1991, more than 30 days after entry of the judgment complained of. See OCGA § 5-6-38 (a). Consequently, we are without jurisdiction to consider Nodvin's contention that the trial court erred in denying his motion for supersedeas bond.

## Case No. A92A0208

6. In light of our holding in Division 1, it is unnecessary for us to address cross-appellant West's contention that the trial court erred in denying his plea in abatement as to the fraud count.

*Judgments affirmed. Johnson, J., concurs. Carley, P. J., concurs in judgment only.*

Decided May 19, 1992.

*Richard A. Gordon, Micheline A. Besse*, for appellant.
*Marvin P. Nodvin*, pro se.
*Theodore L. Marcus*, for appellees.