**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 8, 2015**

# In the Court of Appeals of Georgia

A15A0384. DOLAN et al. v. AUTO OWNERS INSURANCE JE-019 COMPANY.

ELLINGTON, Presiding Judge.

Auto Owners Insurance Company filed this declaratory judgment action seeking a determination that certain provisions contained in its commercial general liability policy excluded coverage to its insured, Anthony Hite d/b/a Air Mechanix, L.L.C. ("Air Mechanix"), for claims arising from Air Mechanix's alleged negligent installation of air conditioning ductwork into the home of Michael Dolan and Shana Jackson. The trial court granted summary judgment to Auto Owners. For the following reasons, we affirm in part and reverse in part.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed

facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In brief sum, the pertinent facts are as follows. Dolan and Jackson filed a complaint against Air Mechanix, among others,[1] in the State Court of Chatham County, asserting claims of negligence per se, professional and simple negligence, and fraud. The complaint alleged that in March 2009, Air Mechanix replaced the duct system of the air conditioning unit in their residence. In June 2009, Dolan and Jackson discovered mold growth on the vent covers. An independent contractor ultimately concluded that the duct system, which contained holes, gaps, loose connections, and insufficient mastic, had been defectively installed in violation of the applicable city ordinances, resulting in excessive moisture and mold contamination throughout the residence. Dolan and Jackson allege that they grew ill with respiratory problems as a result and were subsequently forced to vacate the residence and abandon their personal belongings. Their complaint seeks to recover repair costs, moving costs, expenses associated with rental property, costs of living, costs related

---

[1] Dolan and Jackson's complaint against several other defendants was the subject of a separate appeal, Case Number A14A1066, and the trial court's order in that case was affirmed in an unpublished opinion.

to the replacement of personal property, medical expenses, punitive damages, attorneys fees, and costs of litigation.

Auto Owners, as insurer of Air Mechanix, filed the instant declaratory judgment action and sought summary judgment that Dolan and Jackson's claims were excluded under the terms of its commercial general liability policy. The policy at issue has a general aggregate policy limit of $2,000,000 (for claims other than "products-completed operations"), and an additional "products-completed operations" aggregate limit of $2,000,000.[2]

Under the general heading of "SECTION I - COVERAGES" and as a subset of "COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY," the policy contains a provision entitled "Exclusions." Auto Owners contends that Dolan and Jackson's property claims are defeated by Exclusions (j) (6) and (j) (7), which provide:

2. Exclusions

---

[2] A separate provision of the policy allows "one additional Products-Completed Operations Aggregate Limit, for each annual period, equal to the Products-Completed Operations Aggregate Limit" of $2,000,000, provided that "[t]he maximum Products-Completed Operations Aggregate Limit for any annual period will be no more than two times the original Products-Completed Operations Aggregate Limit."

This insurance does not apply to:

. . .

(j) Damage to Property

"Property Damage"[3] to:
. . .

(6) That particular part of real property on which any insured or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(7) That particular part of any property that must be restored, repaired or replaced because "your work"[4] was incorrectly performed on it.

. . .

Paragraph (7) of this exclusion does not apply to "property damage" included in the "products-completed operation hazard."

---

[3] The policy defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured."

[4] The policy defines "your work" as "[w]ork or operations performed by you or on your behalf" and "[m]aterials, parts or equipment furnished in connection with such work or operations."

4

The policy defines "products-completed operation hazard" as property damage or bodily injury occurring away from property owned by the Air Mechanix and "arising out of . . . [Air Mechanix's] work . . . when all the work to be done at the job site has been completed."

Additionally, Auto Owners asserts that Dolan and Jackson's personal injury claims are defeated by a separate endorsement pertaining to damage caused by "fungi or bacteria" (the "Fungi Endorsement"). The Fungi Endorsement excludes coverage for any "'bodily injury' arising out of . . . '[a] fungi or bacteria incident,'" and includes in its definition of "fungi" all "mold, mildew, mycotoxins, spores, scents or byproducts produced or released by any type or form of fungus." A "fungi or bacteria incident" is defined as:

> an incident which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such damage.

The endorsement also limits coverage for "property damage" resulting from a "fungi or bacteria incident" to $50,000.

The trial court held that Dolan and Jackson's claims were defeated in their entirety by Exclusions (j) (6) and (j) (7), quoted above. The trial court further held that their bodily injury claims were excluded by the Fungi Endorsement, which it noted also limited recovery for property damage to $50,000. This appeal follows.

We begin our analysis by noting that

> [a]s with any other contract, where the terms of an insurance contract are clear and unambiguous, and capable of only one reasonable interpretation, the court is to look to the contract alone to ascertain the parties' intent. Even when the trial court is authorized to construe an insurance contract, because a pertinent provision is ambiguous, the trial court must construe strictly against the insurer any ambiguities in the contract and any exclusion from coverage sought to be invoked by the insurer as drafter of the document and must read the insurance contract in accordance with the reasonable expectations of the insured where possible.

(Citations and punctuation omitted.) *Henderson v. Georgia Farm Bureau Mut. Ins. Co.*, 328 Ga. App. 396, 399 (1) (762 SE2d 106) (2014). Moreover, "[a]n insurer seeking to defeat a claim based on a policy exclusion has the burden of proving that the exclusion is applicable, and the absence of evidence does not prove the exclusion applies." (Citation omitted.) *Hathaway Dev. Co. v. Am. Empire Surplus Lines Ins. Co.*, 301 Ga. App. 65, 70 (3) (686 SE2d 855) (2009); see *Am. Strategic Ins. Corp. v.*

6

*Helm*, 327 Ga. App. 482, 486 (759 SE2d 563) (2014) ("[A]n insurer seeking to invoke a policy exclusion carries the burden of proving its applicability in a given case, with the exclusion to be strictly construed against the insurer.") (citation and punctuation omitted).

1. *Property Damage*. Dolan and Jackson argue that the trial court erred in holding that their claims for property damage were defeated by the Exclusions (j) (6) and (j) (7). Specifically, they contend that the "Exclusions" subsection in its entirety applies only to claims falling within the general aggregate policy limit, as opposed to those falling within the products-completed operations aggregate. They assert instead that the "products-completed operations hazard" has a separate and distinct set of exclusions contained within its definition. They further argue that, in any event, Exclusions (j) (6) and (j) (7) do not extend to work already completed, thus included in the "products-completed operations hazard," as that term is defined in the policy.

We reject Dolan and Jackson's over-generalized proposition that the "Exclusions" provision in the policy never limits claims falling within the product-completed operations aggregate. That position has no support in a plain reading of the document. See *York Ins. Co. v. Williams Seafood of Albany, Inc.*, 273 Ga. 710, 712 (1) (544 SE2d 156) (2001) (noting that an insurance policy "should be read as a

7

layman would read it"). The "Exclusions" subsection is located on the "COMMERCIAL GENERAL LIABILITY COVERAGE FORM" under the heading "SECTION I - COVERAGES[.] COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY," and begins with the general proposition that "This insurance does not apply to . . . ." Nothing in the language of the policy supports that the Exclusions provision should be limited as Dolan and Jackson suggest. See *Ryan v. State Farm Mut. Auto. Ins. Co.*, 261 Ga. 869, 872 (413 SE2d 705) (1992) (looking at the policy as a whole and considering the "ordinary and legal meaning of the words employed" in order to ascertain the intended allocation of coverage and costs).

Nevertheless, we agree with Dolan and Jackson to the extent that they argue that Exclusions (j) (6) and (j) (7) do not bar coverage for their claims. Exclusion (j) (6) excludes coverage for property damage arising out of operations that Air Mechanix or anyone on its behalf "are performing."[5] The policy's use of the present

[5] We note that the question as to whether the specific claims being asserted by Dolan and Jackson otherwise fall within the scope of Exclusion (j) (6) is not currently before us and will not be addressed. See generally *Transp. Ins. Co. v. Piedmont Const. Grp., LLC.*, 301 Ga. App. 17, 18-19 (1) (686 SE2d 824) (2009) (exploring the breadth of "that particular part of real property" in a nearly identically worded exclusion when damage caused by faulty workmanship extends beyond that of the contractor's work itself).

8

tense verb, at the very least, creates an ambiguity as to whether it was intended to include completed work. And because ambiguities will be construed against Auto Owners, the drafter, and in favor of coverage, we will narrowly read the exclusion to apply only to work currently being performed. See *Hathaway Dev. Co.*, 301 Ga. App. at 73 (3) (holding that policy provision excluding coverage for property damage on which insured was "performing operations" did not apply to completed work).

Likewise, as admitted by Auto Owners, Exclusion (j) (7) has no application to completed work. By its express terms, the exclusion "does not apply to 'property damage' included in the 'products-completed operations hazard.'"[6] Dolan and Jackson contend that all of the work to be done by Air Mechanix at their residence had been completed prior to the damage so as to fall within the "[p]roducts-completed operations hazard," and the record contains no evidence to dispute that assertion. It follows that Auto Owners failed to meet its burden of proving that Exclusion (j) (7)

_____

[6] We do not agree with Auto Owners that a separate provision excluding coverage for "'[p]roperty damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard'" applies to these claims. "Your work" is defined in the policy as "[w]ork . . . performed by you or on your behalf" and "[m]aterials, parts or equipment furnished in connection with such work or operations." This clearly does not exclude from coverage costs associated with damage to the residence and other personal property stemming from mold contamination and excess moisture.

defeated Dolan and Jackson's claims. See *Hathaway Dev. Co.*, 301 Ga. App. at 70 (3).

2. *Bodily Injury*. Dolan and Jackson further argue that the trial court erred in holding that the Fungi Endorsement defeats their claims for bodily injury. This contention, however, is based upon the same argument that we rejected in Division 1; namely, that the Fungi Endorsement does not apply to claims falling within the products-completed operations aggregate. The endorsement modifies the "commercial general liability coverage" and is an added exclusion to the policy's coverage of bodily injury and property damage liability. Nothing in the language of the Fungi Endorsement or the policy itself justifies a conclusion that it was not intended to limit coverage falling within the products-completed operations aggregate. See *Ryan*, 261 Ga. at 872.

In sum, we reverse the trial court's order and judgment to the extent that it held that Dolan and Jackson's property damage claims were defeated by Exclusions (j) (6) and (j) (7), but affirm the trial court's ruling that recovery for their bodily injury claims for damages arising from the mold contamination are barred by the Fungi Endorsement, which also limits the recovery on their property damage claims, to the

10

extent that those damages otherwise "aris[e] out of a 'fungi or bacteria incident'" as that term is defined in the Fungi Endorsement, to $50,000.

*Judgment affirmed in part and reversed in part. Dillard and McFadden, JJ., concur.*

11