**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 28, 2017**

# In the Court of Appeals of Georgia

A17A0408. AUTO-OWNERS INSURANCE COMPANY v. DOLAN et al.

A17A0409. AIR MECHANIX, LLC v. DOLAN et al.

A17A0410. DOLAN et al. v. AIR MECHANIX, LLC.

MCFADDEN, Presiding Judge.

Michael and Shana Dolan[1] filed a complaint against Air Mechanix, LLC, and others,[2] asserting claims arising from the allegedly negligent installation of air conditioning ductwork in the Dolans' house. Auto-Owners Insurance Company,

---

[1]Shana Dolan is also referred to as Shana Jackson in the record. We use the name Shana Dolan in this opinion.

[2]The trial court granted summary judgment motions filed by the other defendants, Cotton States Mutual Insurance Company and Old Republic Home Protection Company, Inc., and those rulings were affirmed by this court in *Dolan v. Air Mechanix, LLC*, 329 Ga. App. XXV (Case No. A14A1066, decided November 18, 2014) (unpublished).

which had issued a commercial general liability insurance policy to Air Mechanix, was permitted to intervene.[3] The case was tried before a jury, which returned a verdict in favor of the Dolans. The special verdict form used by the jury included specific amounts awarded for different types of damages which totaled $1 million. But in filling out the line totaling those itemized amounts, the jury incorrectly wrote $1,000,000,000 instead of $1,000,000. The trial judge read the verdict in open court, including the amounts itemized for each type of damages, and the judge twice stated without objection that the total award was for $1 million. The trial court subsequently entered judgment on the verdict in the amount of $1 million. These appeals followed.

In Case No. A17A0408, Auto-Owners challenges the trial court's denial of its motion in limine; however, Auto-Owners has failed to show that the trial court abused its discretion in denying the motion. Auto-Owners also claims that the trial court erred in submitting a special verdict form to the jury because it did not conform to the evidence and was confusing; but neither of these objections to the special verdict form was raised at trial.

---

[3]Auto-Owners also filed a separate declaratory judgment action seeking a determination as to certain exclusions of coverage under the policy. The trial court granted summary judgment to Auto-Owners, and that ruling was affirmed in part and reversed in part in *Dolan v. Auto Owners Ins. Co.*, 333 Ga. App. 601 (773 SE2d 789) (2015).

In Case No. A17A0409, Air Mechanix contends that the weight of the evidence showed that its negligence did not cause the mold in the house; however, we do not reweigh the evidence and there was some evidence showing causation. Air Mechanix also contends that the trial court erred in denying its motion for a directed verdict as to the Dolans' personal injury claims; but the evidence did not demand such a verdict. Air Mechanix further claims that the trial court erred in denying its motion for a mistrial based on improper closing argument; however, any error was harmless. Finally, contrary to Air Mechanix's arguments, there was sufficient evidence to support the Dolans' claim for additional living expenses.

In Case No. A17A0410, the Dolans contend that the trial court erred in directing a verdict on their fraud, punitive damages, and attorney fees claims; however, the Dolans failed to prove all the elements for such claims. The Dolans further claim that the trial court erred in excluding any reference to Air Mechanix's liability insurance carrier at trial; however, the Dolans have not shown an abuse of discretion or harm from the ruling. Finally, the Dolans claim that the special verdict form was confusing; but they raised no objections to the form at trial. Accordingly, we affirm the judgment entered on the verdict.

*Case No. A17A0408*

1. *Motion in limine.*

Auto-Owners asserts that the trial court erred in denying its motion in limine to prohibit evidence that the Dolans suffered bodily injury caused by anything other than exposure to mold because such evidence was barred by the doctrines of res judicata and collateral estoppel. The assertions are without merit.

> As a preliminary matter, we note that these assertions of error raise a question of collateral estoppel, or issue preclusion, and not one of res judicata, or claim preclusion. The doctrine of res judicata prevents the re-litigation of all *claims* which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. By contrast, the related doctrine of collateral estoppel precludes the re-adjudication of an *issue* that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, *unlike res judicata, collateral estoppel does not require identity of the claim* – so long as the *issue* was determined in the previous action and there is identity of the parties, *that issue may not be re-litigated, even as part of a different claim*.

*Etowah Environmental Group v. Walsh*, 333 Ga. App. 464, 469-470 (1) (774 SE2d 220) (2015) (citations and punctuation omitted; emphasis in original) (physical precedent).

Here, Auto-Owners relies on this court's prior opinion in Auto-Owners' separate declaratory judgment action to argue that res judicata barred the Dolans from

presenting evidence that their bodily injuries were caused by something other than mold. See *Dolan v. Auto Owners Ins. Co.*, supra. However, that prior case involved Auto-Owners' declaratory judgment claims concerning exclusions from coverage under the insurance policy it had issued to Air Mechanix; that case did not litigate the merits of the Dolans' negligence and other claims in the instant case. See *Dolan*, supra at 606. Thus, because the prior and current cases did not litigate identical causes of action, the doctrine of res judicata does not apply or support the motion in limine.

With regard to collateral estoppel, the specific issue raised by Auto-Owners' motion in limine in this case – whether the Dolans could introduce evidence of bodily injury caused by something other than mold – was not actually litigated and decided in that prior declaratory judgment action. Accordingly, the doctrine of collateral estoppel did not prevent the introduction of such evidence in this case and the trial court therefore did not abuse its discretion in denying the motion in limine seeking to exclude such evidence. See *Hankla v. Jackson*, 305 Ga. App. 391, 392 (1) (699 SE2d 610) (2010) (this court reviews a trial court's ruling on a motion in limine for abuse of discretion).

2. *Special verdict form.*

5

Auto-Owners contends that the trial court erred by submitting a special verdict form to the jury that did not conform to the evidence and that was confusing. However, Auto-Owners did not object to the verdict form used by the court on these grounds. Rather, the trial transcript shows that the day before the case was submitted to the jury, the parties presented proposed verdict forms, and counsel for Auto-Owners objected to the Dolans' proposed form on the grounds that it was complicated and that there was no evidence of damages caused by anything other than mold in the house. The trial judge indicated that he would look at the parties' proposed verdict forms, prepare the court's own verdict form, and show it to the parties the following day.

The next morning, the parties reviewed the court's special verdict form and Auto-Owners did not object to it as confusing or not conforming to the evidence. Rather, counsel for Auto-Owners stated that he appreciated the court reconfiguring the parties' proposals "to take care of the problems with the mold and non-mold claims," and that his only objection was to a blank for the jury to fill in for an award of universal damages. Auto-Owners' counsel explained, "the only objection I would have is, to me, it seems like it's suggesting to them that they should award some particular amount and it would be more slanted toward the [p]laintiff than to the

6

[d]efense." The court did not expressly rule on that specific objection and apparently did not change its verdict form. After closing arguments and the jury charge, the parties again reviewed the verdict form to be submitted to the jury and no further objections were raised. The jury subsequently returned its verdict using the special verdict form submitted by the court and the verdict was published in open court. The parties did not ask that the jurors be polled, no objections were raised to the verdict, and the jury was excused.

"The form of a verdict and the submission of a special verdict are within the discretion of the trial court, and, absent an abuse of that discretion, the court's choice will not be overturned." *R. C. Acres, Inc. v. Cambridge Faire Props.*, 331 Ga. App. 762, 764 (1) (771 SE2d 444) (2015) (citation and punctuation omitted). In this case, if the trial court's verdict form was confusing or did conform to the evidence, Auto-Owners' remedy was "to object to the form used [on such grounds.] In the absence of [such] specific and timely objection[s], a party waives error relating to the manner in which questions [on a special verdict form] are submitted to the jury." *Milum v. Banks*, 283 Ga. App. 864, 870 (2) (642 SE2d 892) (2007) (citations and punctuation omitted). Consequently, Auto-Owners' "assertion[s] that the verdict form was [confusing and did not conform to the evidence] cannot be raised now, as [those

assertions were] not raised at the time the form was presented to the jury." *Pirkle v. Turner*, 281 Ga. 846, 848 (2) (642 SE2d 849) (2007) (citation omitted). Accord *Mitchell v. Southern General Ins. Co.*, 194 Ga. App. 218, 221-222 (8) (390 SE2d 79) (1990) (claim of error waived where objection to special verdict form made in trial court differed from assertion of error made on appeal).

Case No. A17A0409

3. *Causation.*

Air Mechanix claims that there was insufficient evidence that its negligent installation of the air conditioning ductwork caused the mold in the Dolans' house. The claim is without merit.

In a negligence case, "questions of causation are normally for the jury. Nevertheless, there must be sufficient evidence to create a jury question on the issue of causation. Thus, the defendant will be entitled to judgment as a matter of law where the record is devoid of any evidence that the defendant's negligence was a cause in fact of the plaintiff's injury." *Redmon v. Daniel*, 335 Ga. App. 159, 166 (1) (779 SE2d 778) (2015) (citations and punctuation omitted). Here, Air Mechanix does not argue that the record is devoid of any evidence that its negligence was a cause in fact of the mold. Rather, Air Mechanix argues that the "great weight of the evidence

presented at trial on this issue" showed another cause of the mold. Thus, Air Mechanix is effectively asking this court to reweigh the evidence presented at trial. However, "an appellate court can only review the evidence to determine if there is any evidence to support the verdict. This [c]ourt does not reweigh the evidence, as the finder of fact, in this case the jury, is the final arbiter of the weight of the evidence and the credibility of witnesses." *Turner v. Trammel*, 285 Ga. 847, 848 (684 SE2d 623) (2009) (citations and punctuation omitted). The Dolans have pointed to some evidence showing that the negligent acts of Air Mechanix caused the mold in the house. Accordingly, Air Mechanix has failed to show that it was entitled to judgment as a matter of law.

4. *Directed verdict.*

Air Mechanix contends that the trial court erred in denying its motion for a directed verdict on the Dolans' claims for personal injury. We disagree.

> A directed verdict is proper only when there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict. We review a trial court's denial of a motion for directed verdict under the "any evidence" standard. Thus, so long as there is some evidence to support the jury's verdict, it must be upheld on appeal.

*Georgia Dermatologic Surgery Centers v. Pharis*, 339 Ga. App. 764, 770 (4) (792 SE2d 747) (2016) (citations and punctuation omitted). As Air Mechanix acknowledged when it moved for a directed verdict, the Dolans' personal injury claims consisted of both health problems and emotional distress arising from the alleged negligence. The trial court instructed the jury that bodily injury damages included these personal injury claims; the verdict form did not specifically break down the bodily injury damages awarded for such claims; and as Air Mechanix further acknowledged at trial, there was evidence, including expert medical testimony, establishing that the Dolans suffered emotional distress and adjustment disorders resulting from the situation with their house.

> It is well settled that a strong presumption exists in favor of the validity of jury verdicts. The verdicts may be construed in the light of the pleadings, the issues made by the evidence and the charge. If possible a construction will be given which will uphold them. . . . Additionally, when a jury does not specify upon which count the verdict was rendered, the verdict will not be subject to attack if it was authorized by the evidence under any of the counts.

*Ledee v. Devoe*, 250 Ga. App. 15, 21 (7) (549 SE2d 167) (2001) (citations and punctuation omitted). Because there was some evidence authorizing the verdict on the personal injury claims, the verdict is not subject to attack and the court did not err in denying a directed verdict. See also *Harrison v. Martin*, 213 Ga. App. 337, 344 (1)

10

(444 SE2d 618) (1994) (no error in denying directed verdict where verdict susceptible of construction which would uphold it under the evidence); *Stratton Indus. v. Northwest Ga. Bank*, 191 Ga. App. 683, 686 (2) (a) (382 SE2d 721) (1989) (alternative theories of recovery embraced by verdict).

5. *Motion for mistrial.*

Air Mechanix argues that the trial court erred in denying its motion for a mistrial after counsel for the Dolans made improper comments during closing arguments, telling the jury that a verdict for the plaintiffs would be "sending a message to Air Mechanix [that] this kind of conduct cannot go unanswered." Counsel for Air Mechanix did not object contemporaneously to the comments, but instead waited until after closing arguments had ended and the jury had returned to the jury room for deliberations, at which point he moved for a mistrial on the ground that asking the jury to send a message was tantamount to requesting punitive damages, which were not part of the case. The trial court did not rule on the motion, took the matter under advisement, allowed the jury to continue deliberations, received the verdict, dismissed the jury, and indicated that he still had the motion under advisement. Two weeks later, the trial court entered an order denying the motion for a mistrial.

11

Given the lack of a timely objection to the comments, "our appellate review of this issue is limited to whether the improper arguments in reasonable probability changed the result of the trial." *Young v. Griffin*, 329 Ga. App. 413, 415 (2) (765 SE2d 625) (2014) (citation and punctuation omitted). Accord *Stolte v. Fagan,* 291 Ga. 477, 483 (2) (b) (731 SE2d 653) (2012). As the trial court found, the damages awarded by the jury were similar to what the Dolans had requested and itemized at trial, which did not include punitive damages. Based on the totality of the circumstances, the trial court was authorized to find that the allegedly improper comments during closing argument did not in reasonable probability change the result of the trial.

6. *Additional living expenses.*

Air Mechanix enumerates that the Dolans failed to sufficiently prove their claim for additional living expenses. "Where a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which the jury . . . can calculate the amount of the loss with a reasonable degree of certainty. An allowance for damages cannot be based on guesswork." *Tucker Nursing Center. v. Mosby*, 303 Ga. App. 80, 82 (1) (692 SE2d 727) (2010) (citations and punctuation omitted). Here, the Dolans sought additional living expenses incurred by having to leave their home

12

for 77 months, and introduced testimony at trial showing that such expenses had averaged just over $3,500 per month. The jury awarded the Dolans $105,000, which was not based on guesswork, but was well within the range of additional living expenses incurred as shown by the testimony. "A verdict will not be set aside as unsupported by the evidence when the amount of it is within the range covered by the testimony, though it may not correspond with the contentions of either party." *Turner Broadcasting System v. McDavid*, 303 Ga. App. 593, 609 (4) (693 SE2d 873) (2010) (citations and punctuation omitted.) See also *City of Atlanta v. WH Smith Airport Svcs.*, 290 Ga. App. 206, 210 (4) (659 SE2d 426) (2008) (jury verdict will not be disturbed on appeal where amount of verdict is within the range of testimony); *Mortensen v. Fowler-Flemister Concrete*, 252 Ga. App. 395, 397 (3) (555 SE2d 492) (2001) (reviewing court will not interfere with a jury's award of damages unless the amount is so small or so excessive that it justifies an inference of gross mistake or undue bias).

*Case No. A17A0410*

7. *Directed verdicts.*

13

The Dolans contend that the trial court erred in granting directed verdicts against them on their claims for fraud, punitive damages, and attorney fees. We disagree.

(a) *Fraud.*

"To show fraud, a plaintiff must establish (1) false representation by defendant; (2) scienter or knowledge of the alleged falsehood; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff." *Liberty Capital, LLC v. First Chatham Bank*, 338 Ga. App. 48, 55 (2) (b) (789 SE2d 303) (2016) (citation and punctuation omitted). "If, however, evidence as to any of the elements of fraud is lacking, the fraud claim fails." *Lumpkin v. Deventer North America*, 295 Ga. App. 312, 315 (1) (672 SE2d 405) (2008) (citation omitted). In this case, there is no evidence of a false representation by Air Mechanix upon which the Dolans justifiably relied. The Dolans claim that Air Mechanix should have installed a rigid duct system instead of the flexible duct system that it installed. While there may be a conflict in the evidence as to what type of system should have been installed, the Dolans have pointed to no evidence showing that Air Mechanix misrepresented to them that it would install a rigid, rather than flexible, duct system. Thus, the evidence supports a negligence claim, but does not

14

support the contention of fraud. See *Wilson v. Brighton Homes*, 204 Ga. App. 677, 679-680 (3) (420 SE2d 360) (1992) (affirming directed verdict for defendant on fraud claim where no evidence defendant misrepresented facts to plaintiffs); *Lively v. Garnick*, 160 Ga. App. 591, 592-595 (1) (287 SE2d 553) (1981) (reversing denial of motion for judgment notwithstanding the verdict on fraud claim where evidence supported a finding of negligence but not fraud).

(b) *Punitive damages.*

The Dolans' punitive damages claim was based on its fraud claim discussed above and the Dolans acknowledge in their brief that once the trial court directed a verdict on their fraud claim, "the punitive damages [claim] necessarily failed as a matter of law." Given our holding above that the trial court correctly directed a verdict as to the fraud claim, there remained no basis for the punitive damages claim. See *Johnson v. Waddell*, 193 Ga. App. 692 (1) (388 SE2d 723) (1989) (after directed verdict on fraud claim, no basis existed in case to support punitive damages claim). Accordingly, "the trial court did not err in directing a verdict for [Air Mechanix] on the issue[] of punitive . . . damages." *Wilson*, supra at 680 (4) (citation omitted).

(c) *Attorney fees.*

15

The Dolans sought bad faith attorney fees under OCGA § 13-6-11. They argue that the trial court erred in directing a verdict on that claim because the same facts supporting their fraud claim would support a finding of bad faith. However, as found above, "the trial court properly granted [Air Mechanix's] motion for directed verdict on [the Dolans'] fraud . . . claim[]. Accordingly, we find no error in the trial court's decision to grant [Air Mechanix] a directed verdict on [the] claim[] for attorney fees[.]" *Conner v. Hart*, 252 Ga. App. 92, 97 (3) (555 SE2d 783) (2001). See also *MARTA v. Mitchell*, 289 Ga. App. 1, 4 (659 SE2d 605) (2007) (mere negligence will not support an award of attorney fees based on bad faith).

8. *Motion in Limine.*

The Dolans contend that the trial court erred in granting a motion in limine to disallow references to their interactions with Air Mechanix's insurer, Auto-Owners. They claim that such evidence would have explained their conduct in refusing to allow Air Mechanix to replace its defective work and in moving out of their house. We find no reversible error.

"We review a trial court's ruling on a motion in limine for abuse of discretion. A motion in limine is properly granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial." *AgSouth Farm Credit*

16

*v. Gowen Timber Co.*, 336 Ga. App. 581, 587 (2) (784 SE2d 913) (2016) (citation and punctuation omitted). In this case, we cannot say that the trial court abused its discretion in declining to allow the Dolans to make references to the defendant's insurer for the purported reason of explaining conduct. "In an ordinary negligence case, not only is a liability insurance policy of a litigant not admissible in evidence, but disclosure to the jury of the mere existence of such contract is ground for a mistrial." *Central of Georgia R. Co. v. Wooten*, 163 Ga. App. 622, 624 (2) (295 SE2d 369) (1982) (citation and punctuation omitted). Indeed, "evidence of insurance will rarely be admissible in a personal injury tort action such as this, even to counter a false impression created by other testimony. This is because evidence of collateral benefits is readily subject to misuse by a jury." *Kelley v. Purcell*, 301 Ga. App. 88, 89-90 (686 SE2d 879) (2009) (citations and punctuation omitted). Moreover, even if we were to find an abuse of discretion in granting the motion in limine, the Dolans, who obtained a verdict of damages within the range requested, have not shown harm from the ruling. See generally *Gurly v. Hinson*, 194 Ga. App. 673 (1) (391 SE2d 483) (1990) (any error in trial court prohibiting plaintiff from asking defendant about an insurance claim form was harmless where question was relevant to liability and verdict was rendered for the plaintiff).

9. *Special verdict form.*

The Dolans enumerate as error that the special verdict form was confusing to the jury. However, they did not raise this, or any other, objection to the verdict form in the trial court. Consequently, they cannot raise such an assertion for the first time on appeal. See *Pirkle*, supra; *Mitchell*, supra.

*Judgment affirmed. Branch and Bethel, JJ, concur.*