**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

June 26, 2026

# In the Court of Appeals of Georgia

A26A0739. SANGPHIM v. WARCUP.

DAVIS, Judge.

In this civil dispute stemming from a traffic accident, Brenda Sangphim appeals from the trial court's order denying her motion for new trial, the final judgment in favor of Lisa Warcup, and the order granting Warcup's motion for attorney fees and expenses under OCGA § 9-11-68. On appeal, Sangphim argues that the trial court erred by (1) allowing Warcup's counsel to testify as an expert witness during closing arguments; (2) allowing Warcup's counsel to inflame the jury by telling them to treat her as though she were "Amazon or Coca-Cola"; (3) awarding attorney fees and expenses under OCGA § 9-11-68 when the offer of settlement was not made in good faith; (4) awarding attorney fees and expenses based upon a contingency fee

agreement; (5) awarding attorney fees based upon work performed before the offer of settlement was rejected; and (6) awarding attorney fees and expenses "based upon incomplete and spurious record keeping." For the reasons set forth below, we affirm.

"On appeal from a jury verdict in a civil case, we view the record in the light most favorable to the jury's verdict and the trial court's final judgment." *City of Pendergrass v. Rintoul*, 354 Ga. App. 618, 618 (841 SE2d 399) (2020).

So viewed, the record shows the following. On January 7, 2019, Warcup was traveling south on I-75 in Bartow County, Georgia, and she took exit 288 off the highway. As she prepared to make a right turn, Sangphim, who had been driving behind Warcup, struck her from behind and caused injuries to Warcup's neck and head. Warcup retained counsel and entered into a contingency fee agreement whereby counsel would receive 40 percent of any amount Warcup recovered. Warcup's counsel later sent an offer of settlement under OCGA § 9-11-67.1[1] to Sangphim, which Sangphim rejected.

---

[1] OCGA § 9-11-67.1 "governs pre-suit offers in suits involving tort claims arising from the use of a motor vehicle." *de Paz v. de Pineda*, 361 Ga. App. 293, 294(1) (864 SE2d 134) (2021).

Warcup then filed the instant negligence action on May 15, 2020, alleging that her medical damages totaled $39,753.33. Roughly four years later on June 18, 2024, Warcup sent Sangphim an offer of settlement pursuant to OCGA § 9-11-68, offering to settle her claims for $59,900. The offer was not accepted, and the matter proceeded to a jury trial where Warcup testified that her medical damages totaled $43,368.39. The jury ultimately found in favor of Warcup in the amount of $250,000, and the trial court entered judgment accordingly.

Warcup filed a motion to amend the judgment and a motion for attorney fees and expenses under OCGA § 9-11-68, seeking $81,000 in fees and expenses. In support of her motion, Warcup attached affidavits from her counsel as well as work logs which showed the dates that her counsel worked on her case, the length of time they worked on her case, and nature of the work that was performed. Sangphim filed a motion for new trial, and she objected to Warcup's motion for attorney fees and expenses. Following a hearing, the trial court granted Warcup's motion for attorney fees and expenses in the amount of $55,038.09, and it denied Sangphim's motion for new trial. This appeal followed.

1. First, in two related enumerations of error, Sangphim argues that the trial court erred by denying her motion for new trial based on the general grounds. Specifically, she argues that the trial court failed to identify and apply the proper legal standard and that it failed to exercise its discretion as the thirteenth juror to grant her a new trial based on alleged improper closing arguments by Warcup's counsel. These claims of error, however, are not meritorious.

(a) *The Thirteenth Juror.* We first conclude that Sangphim fails to show that the trial court did not apply the proper legal standard in adjudicating her motion for new trial based on the general grounds.

> OCGA § 5-5-20 authorizes the trial court to grant a new trial in any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, and OCGA § 5-5-21 empowers the trial court to grant a new trial where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding. These statutes, also known as the 'general grounds' for a new trial, afford a trial judge broad discretion to sit as a 'thirteenth juror' and weigh the evidence on a motion for new trial alleging these general grounds.

4

*Thomas v. Accurate Steel Rule Cutting Die, Inc.*, 375 Ga. App. 457, 467(4) (916 SE2d 510) (2025) (citation modified). In ruling on a motion for new trial based on the general grounds,

> a trial court is not required to make any express findings of fact or conclusions of law in an order denying a motion for new trial on the general grounds, or even explicitly refer to its discretion. While our Supreme Court has held that it must be clear that the trial court applied the correct legal standard and exercised its discretion in ruling on a motion for new trial on the general grounds, the Court has also held that unless the record shows otherwise, we must presume that the trial court understood the nature of its discretion and exercised it. We will thus presume, in the absence of affirmative evidence to the contrary, that the trial court did properly exercise such discretion.

*McWhirter v. Clinkscales*, 377 Ga. App. 826, 831(3) (921 SE2d 472) (2025) (citation modified). See also *Dunlap v. State*, 351 Ga. App. 685, 687(2) (832 SE2d 667) (2019) (applying the presumption that the trial court properly exercised its discretion in denying a motion for new trial based on the general grounds, and affirming the trial court's one-line order denying the motion for new trial).

Here, in denying Sangphim's motion for new trial, the trial court's order stated the following:

Having considered [the] Defendant's [m]otion, conducted a hearing on the same, and reviewed the briefs of the parties as well as having a jury trial in this matter *and considered the evidence presented at trial including any conflicts in the evidence, charges given to the jury, the credibility of witnesses, and the weight of the evidence presented*, [the] Defendant's [m]otion for [n]ew [t]rial is DENIED. (Emphasis supplied).

Applying the aforementioned principles, Sangphim has failed to show that the trial court failed to apply the proper legal standard or failed to exercise its discretion in adjudicating her motion. As reflected above, the trial court stated that it considered the evidence, the credibility of the witnesses, and the weight of the evidence and determined that a new trial was not warranted. See *White v. State*, 319 Ga. 367, 374(2) (903 SE2d 891) (2024) (trial court applied the proper legal standard and fulfilled its role as the thirteenth juror in denying the defendant's motion for new trial where the trial court's order stated that the court weighed the evidence, considered the credibility of the witnesses, and that the verdict was not against the weight of the evidence).

(b) *Improper Closing Arguments*. Sangphim further alleges that the verdict was contrary to the weight of evidence based on the closing arguments by Warcup's counsel. Specifically, she alleges that during closing arguments, Warcup's counsel

improperly "testified" about medical terms and diagnoses and wrongly argued to the jury that it was required to award a verdict against her "as if she was Amazon or Coca-Cola," and thus the trial court failed to exercise its discretion as the thirteenth juror and set aside the verdict. But this claim of error on the general grounds is a non-starter.

> If a trial court denies a motion for new trial based on the general grounds,
>
> we can only review the evidence to determine if there is any evidence to support the verdict. The standard of appellate review of the denial of a motion for new trial on the general grounds is essentially the same as that applicable to the denial of a motion for directed verdict or judgment n.o.v. The appellate courts can only set a verdict aside, on evidentiary grounds, as being contrary to law in that it lacks any evidence by which it could be supported.

*McBrayer v. Governors Ridge Off. Park Ass'n*, 359 Ga. App. 741, 742 (860 SE2d 58) (2021). Here, Sangphim does not challenge the sufficiency of the evidence, and thus there is nothing for this Court to review. But even if Sangphim's claims regarding the alleged improper remarks during closing arguments could somehow be construed as

a challenge to the sufficiency of the evidence,[2] her claims still present nothing for our review. Although the transcript of the trial proceedings is included in the record on appeal, the portion of the trial which consists of the parties' closing arguments was not transcribed.[3] We have been clear that "[t]he burden is on [the party] who asserts error to show it affirmatively by the record," *Gurly v. Hinson*, 194 Ga. App. 673, 674(4) (391 SE2d 483) (1990), and in the context of a claim regarding improper closing arguments, we have consistently declined appellate review of alleged improper remarks in the absence of a transcript containing the remarks. See id.; see also *Greene v. Bowers*, 229 Ga. App. 324, 330(4) (493 SE2d 709) (1997) (declining to review the defendants' claim that the trial court erred by overruling their objection to the plaintiff's closing arguments regarding matters not in evidence where the closing arguments were not transcribed). Thus, even if the purported improper closing remarks could serve as a basis to challenge the sufficiency of the evidence, the absence of the transcript of the remarks leaves nothing for this Court to review since we cannot discern what was

---

[2] See *Williams v. Harvey*, 311 Ga. 439, 445(1)(a) n.6 (858 SE2d 479) (2021) ("[I]t is well settled that closing arguments do not amount to evidence.").

[3] Although Sangphim argues at length about what Warcup's counsel argued during closing remarks, her arguments and transcript citations are from the objections she made at trial and the hearing on her motion for new trial.

*actually* said during closing arguments. And for all of the reasons stated above, Sangphim's claim that the trial court erred by denying her motion for new trial based on the general grounds fails.

2. Next, in four related claims, Sangphim argues that the trial court erred by awarding Warcup attorney fees and expenses under the offer of settlement statute, OCGA § 9-11-68. Specifically, she argues that the attorney fees award was improper because (1) the offer of settlement was not made in good faith; (2) the award was improperly based on the contingency fee agreement; (3) the award was not limited to work performed after the offer of settlement was denied; and (4) the award was based on "incomplete and specious information." None of these claims, however, are meritorious.

(a) *Good Faith of Settlement Offer*. Sangphim first argues that the trial court erred by granting attorney fees because the offer of settlement was not made in good faith. We disagree.

"We review for abuse of discretion the trial court's decision on whether a settlement offer was made in good or bad faith. An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or

misapplies the relevant law." *Bellomo v. Tech Mahindra (Americas), Inc.*, 374 Ga. App. 199, 201(1) (912 SE2d 82) (2025).

"Georgia's offer of settlement statute is codified in OCGA § 9-11-68, and it governs written offers to settle tort claims." *Carr v. Yim*, 369 Ga. App. 389, 391 (893 SE2d 801) (2023). "The statute was originally added to Georgia's Civil Practice Act (CPA) as part of tort reform legislation that became effective on February 16, 2005, see Ga. L. 2005, p. 1, § 5, and was then amended effective April 27, 2006, see Ga. L. 2006, p. 446, § 1." Id. (quotation marks omitted). The statute sets out the procedural requirements for an offer of settlement, and it states in part:

> At any time more than 30 days after the service of a summons and complaint on a party but not less than 30 days (or 20 days if it is a counteroffer) before trial, either party may serve upon the other party, but shall not file with the court, a written offer, denominated as an offer under this Code section, to settle a tort claim for the money specified in the offer and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly. . . . If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.

OCGA § 9-11-68(a)-(b)(2). Still, OCGA § 9-11-68(d)(2) permits a trial court to disallow an award for attorney fees and expenses if it determines that an offer of settlement was not made in good faith. "Whether an offer was made in good faith rests on whether the offeror has a reasonable foundation on which to base the offer and that so long as the offeror has a basis in known or reasonably believed fact to conclude that the offer is justifiable, the good faith requirement has been satisfied." *Bellomo*, 374 Ga. App. at 201–02(1). And "whether the offeror has a reasonable basis to support the offer is determined solely by the offeror's own subjective motivations and beliefs." Id. at 202(1).

> Where the offer is nominal, the trial court may consider objective factors including: (1) whether the offer bore no reasonable relationship to the amount of damages, (2) a realistic assessment of liability, or (3) that the offeror lacked intent to settle the claim. However, the trial court cannot base a ruling exclusively on the objective factors but is instead required to consider the offeror's explanation and then determine whether, despite consideration of the objective factors the offeror had a subjectively reasonable belief on which to base its offer.

Id. (citation modified). And critically,

> [i]t is a factual determination, based on the trial court's assessment of the case, the parties, the lawyers, and all of the other factors that go into such

11

a determination, which the trial court has gathered during the progress of the case. It is a highly deferential standard because as the Supreme Court of Georgia has indicated, unlike appellate courts, trial courts are familiar with a piece of litigation from its inception, hear first-hand the arguments of counsel, and consider disputed evidence within the context of an entire proceeding.

Id. at 204(1). "The burden is on the offeree to show that the offer of settlement was not made in good faith." Id. at 201(1).

Applying the aforementioned principles, we are unpersuaded by Sangphim's claims that the offer of settlement was not made in good faith. She first contends that the offer was not made in good faith because Warcup filed her complaint on May 15, 2020 and alleged medical damages in the amount of $39,753.33, but she testified at trial that her damages were $43,368.39. We note, however, that there is evidence in the record that shows that Warcup continued to be treated by medical personnel after she filed her complaint. Sangphim also argues that Warcup denied her access to all of Warcup's medical records which hindered her defense. But Sangphim does not state with any specificity which documents she was allegedly denied access to or what specific actions Warcup undertook to deny her access. Consequently, Sangphim has

failed to carry her burden to show that Warcup's offer of settlement was not made in good faith, and therefore this claim of error fails.

(b) *Contingency Agreement*. Sangphim also argues that the trial court erred by awarding attorney fees based solely on the contingency agreement between Warcup and her counsel. But this claim also fails.

> It is well-settled that an award of attorney fees is to be determined upon evidence of the reasonable value of the professional services which underlie the claim for attorney's fees. A court may consider a contingent fee agreement and the amount it would have generated as evidence of usual and customary fees in determining both the reasonableness and the amount of an award of attorney fees. When a party seeks fees based on a contingent fee agreement, however, the party must show that the contingency fee percentage was a usual or customary fee for such case and that the contingency fee was a valid indicator of the value of the professional services rendered. In addition, the party seeking fees must also introduce evidence of hours, rates, or some other indication of the value of the professional services actually rendered.

*Cajun Contractors, Inc. v. Peachtree Prop. Sub, LLC*, 360 Ga. App. 390, 405–06(2)(b) (861 SE2d 222) (2021). But "evidence of the existence of a contingent fee contract,

without more, is not sufficient to support the award of attorney fees." *Ga. Dep't of Corr. v. Couch*, 295 Ga. 469, 483(3)(a) (759 SE2d 804) (2014).[4]

Here, it is true that Warcup had a 40 percent contingency fee agreement with her counsel. But the contingency fee agreement was not the sole evidence Warcup provided in support of her attorney fees claim. Warcup's counsel testified during the hearing about his experience, his hourly rate, the work that was performed in Warcup's case, as well as the reasonableness of the contingency fee. Warcup's counsel also provided work logs which showed the exact dates that work was performed on Warcup's case, the length of time that each task was performed, and the nature of the work performed. And we note that the trial court stated that its award was based on the record and evidence presented at the hearing, and it entered an

---

[4] We note that the General Assembly enacted OCGA § 9-15-16, effective April 21, 2025, see Ga. L. 2025, p. 19 § 4, which provides in part: "In any civil action, if a party seeks to recover attorney's fees pursuant to any statute authorizing an award of reasonable attorney's fees, a contingent fee agreement between such party and such party's attorney shall not be admissible as proof of the reasonableness of the fees." OCGA § 9-15-16(b). Although the trial took place in February 2025, the revised judgment and the attorney fees order were not entered until September 22, 2025. Sangphim did not argue below, nor does she argue on appeal, the applicability of OCGA § 9-15-16 to her claim regarding the contingency fee agreement. Accordingly, we do not address the applicability of OCGA § 9-15-16 to her claim.

14

award for $55,038.09, which was less than the $81,000 Warcup requested.[5] In light of this record, we reject Sangphim's claim that the attorney fees award was based solely on the contingency agreement between Warcup and her counsel.

(c) *Totality of the Fees*. Sangphim further argues that the trial court erred by awarding attorney fees and expenses for all of the work performed by Warcup's counsel because an award of attorney fees and expenses under OCGA § 9-11-68 is limited to work performed after an offer of settlement is rejected. But this claim is not supported by the record.

It is true that

> [u]nder OCGA § 9-11-68(b)(2), plaintiffs are not entitled to recover all of their attorney fees in the case, only the reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.[6]

---

[5] We note that at the hearing, the trial court specifically stated that it would not award Warcup the full amount of the fees she requested because her trial counsel would not have needed as much time to prepare for her trial in light of her counsel's litigation experience.

[6] See OCGA § 9–11-68(c) ("An offer that is neither withdrawn nor accepted within 30 days shall be deemed rejected.").

*Couch*, 295 Ga. at 485(3)(b) (citation modified).

Here, however, there is no evidence to indicate that any portion of the attorney fees awarded to Warcup was for work performed before her offer of settlement was rejected. In her request for attorney fees, Warcup argued that although the contingency fee was $100,000, which was 40 percent of the $250,000 judgment, she was only requesting $81,000 in fees for the work performed by her counsel *after* her offer was rejected. And again, her attorney submitted an affidavit and entry logs that showed the *dates* and type of work performed on Warcup's case after her offer was rejected, and he testified at the hearing on the motion about the reasonableness of the fees and the type of work performed after the offer was rejected. And critically, in granting the motion for attorney fees, the trial court stated that it was "award[ing] attorney's fees and expenses of litigation ... incurred by [Warcup]'s counsel subsequent to the date of expiration of [Warcup]'s [o]ffer of [j]udgment on July 19, 2024." Therefore, based on this record, there is nothing to indicate that any of the attorney fees awarded included fees and expenses incurred before the expiration of the offer, and thus Sangphim's claim fails.

16

(d) *Incomplete and Specious Information.* Finally, Sangphim argues that the attorney fees award was improperly based on "incomplete and specious information." But as stated above, Warcup's counsel testified during the hearing about his experience, his hourly rate, the work that was performed in Warcup's case, as well as the reasonableness of the contingency fee. Her counsel also provided work logs which showed the exact dates that work was performed on Warcup's case, the length of time that each task was performed, and the nature of the work performed. In light of this evidence, Warcup's claim that the attorney fees award was based on "incomplete" information necessarily fails.

Accordingly, for the foregoing reasons, we affirm the trial court's order denying Sangphim's motion for new trial, the final judgment in favor of Warcup, and the order granting Warcup's motion for attorney fees and expenses under OCGA § 9-11-68.

*Judgment affirmed. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*